BIDWELL v. THE NORTH WESTERN INSURANCE COMPANY.

A marine policy of insurance "upon the whole tackle," &c., of a vessel, containing a warranty that "the property is free from all liens," parol evidence is admissible that the property insured was the owner's equity of redemption in the vessel which was subject to certain mortgages known to the insurer.

The existence of such mortgages is no breach of the warranty.

APPEAL from the Superior Court of the city of Buffalo. Action upon a marine policy, which by its terms purported to be "upon the whole body, tackle, apparel and furniture of the good steamer Garden City," and in which it was "agreed that the property be warranted by the assured free from all liens," &c.

The plaintiff, who was a mortgagee of the vessel, procured the insurance "on account of Erastus Crocker," the owner, "loss, if any, payable to Vincent Bidwell," the plaintiff, to secure his interest as mortgagee.    His object was communicated to the defendant at the time of issuing the policy, and the existence of two prior mortgages upon the boat was also known to the insurer.

On the trial the judge held that the warranty as to liens related to the entire title to the steamer, and was not confined to the interest insured, and that the existence of the mortgages

at the time the insurance was effected, constituted a breach of that warranty. The plaintiff excepted. The court at general term ordered a new trial, and the defendant appealed to this court, stipulating for judgment absolute for the plaintiff, if the order should be affirmed.

*John H. Reynolds*, for the appellant.

*John Ganson*, for the respondent.

GOULD, J. This case comes up on a state of facts essentially different from that of the same case as reported in 19 N. Y., 179. It is now found (from evidence amply sufficient), that the plaintiff (and his partners) themselves procured this policy of insurance from the defendants, to protect their interest as mortgagees of the vessel, or rather Crocker's remaining interest therein, after the two prior mortgages. That at the time the insurance was applied for and made, the defendants had full knowledge that the interest of Crocker in the vessel was that of the owner subject to the said prior mortgages, that the insurance was of such interest, and that the defendants knew at the time the contract of insurance was made, and the policy was delivered, the nature and extent of Crocker's interest and knew of the existence of the three mortgages aforesaid.

This state of facts would seem properly proved in the case within the decision in 19 N. Y., 182, that "there is much greater latitude in applying a policy of insurance to the interest intended to be covered, than in other written contracts." When not contradictory to the terms of the policy, it may be shown "*whose property* it was intended to cover;" and (with the same limitation) what property or interest it was intended to cover. And since the words "the *whole*," &c., of the vessel are properly explainable as meaning that the whole title is technically in the one owner (as distinguished from an owner of a fractional part), so the "property insured" may be shown as a fact, by evidence.

If this be so, then there is no breach of the warranty against liens on the interest insured. And the company remains

liable just as it agreed to be, and for just what it agreed to be. Indeed it is not easy to perceive why an insurance company, by reason of the formal words or clauses (of a general and comprehensive nature), inserted in a policy intended to meet broad classes of contingencies, should ever be allowed to avoid liability on the ground that facts, of which the company had full knowledge at the time of issuing the policy, were then not in accordance with the formal words of the contract, or some of its multifarious conditions. If such facts are to be held à breach of such a clause, they are a breach *eo instanti* of the making of the contract, and are so known'to be by the company as well as the insured. And to allow the company to take the premium without taking the risk would be to encourage a fraud. It would, as a legal principle, be equivalent to holding that a warranty of the soundness of a horse is a warranty that he has four legs, when one has been cut off.

The decision of the general term of the Superior Court of Buffalo should be affirmed, and judgment final should be given for the plaintiff.

SELDEN, Ch. J., and ALLEN, J., did not sit in the case; all the other judges concurring,

Judgment affirmed.