## THE MAYOR, &c., OF NEW YORK, RESPONDENT, *v.* THE EXCHANGE FIRE INSURANCE COMPANY, APPELLANT.

*Charter of the City of New York—Corporation Counsel—Corporation may employ additional Counsel.*

The provision in the amended Charter of the City of New York, imposing on the Law Department the duty of conducting all the law business of the Corporation, was not intended to disable the City from prosecuting or defending suits without the consent of the Corporation Counsel; or to deprive it of the ordinary right of suitors to employ additional counsel when it deemed it necessary to do so.

APPEAL from judgment of the Superior Court of the City of New York, affirming judgment in favor of the Plaintiff, on the verdict of a jury, for $6,164.70.

The action was on a policy of insurance issued by the Defendant to the Plaintiff on the 23d of June, 1858, and covering the "Crystal Palace" building, which was destroyed by fire on the 5th of October following.

The principal grounds of defence were, that the suit should have been brought by a different attorney; that the corporation had no interest in the building which it paid the Defendant for insuring; and that the policy was forfeited by the continued use of the building for the purposes for which it was erected.

On the trial before Judge Woodruff and a jury, it appeared, among other things, that the lots on which the building was constructed belonged to the city of New York, in fee. On the 23d of March, 1852, the premises were leased for a term ending in January, 1857, at a nominal rent of one dollar a year, to Edward Rettle, in behalf of himself and his associates, for the purposes of the Association for the Exhibition of the Industry of all Nations, and the lease was assigned to that association upon the completion of its organization, a few days afterward. It appears on the face of the lease that the inducement to its execution was the proposed erection, on the vacant lots demised, of "a building of iron and glass, for the purpose of an industrial exhibition of all nations,"

and upon the stipulation that the lessees should make such erection, and surrender the premises at the expiration of the term, in as good state and condition as reasonable use and wear thereof would permit, damages by the elements excepted.

The building was accordingly erected, and, until its destruction in 1858, it was always used for the purposes of industrial exhibitions, and for no others, except such as were incidental and appropriate to that object. This use involved the collection and operation within the building of various kinds of machinery and other industrial agencies, and the exhibition of a great variety of articles which would ordinarily fall in the classes of hazardous, extra-hazardous, and special risks, and the premium of insurance was fixed with reference to the contemplated use and the known character of the risks.

On the 15th of December, 1854, this property, with the other effects of the "Crystal Palace Association," passed into the possession of John H. White as receiver, and on the 31st of May, 1858, the term having expired, the city took possession, and the receiver surrendered it. The title and possession of the Plaintiff are unquestioned, except by the Defendant.

The purposes for which the building was always used, and the character of the articles and machinery exhibited within it, were generally known. The Defendants, under their former corporate title of the La Farge Fire Insurance Company, had repeatedly insured the building and its contents. They issued such a policy to the receiver in September, 1856, which was renewed in November, December, and January. They issued another in June, 1857, which was renewed in March, 1858; and the officers of the company were informed, on occasion of issuing such policies, of the fair of the American Institute being held there, as a reason for effecting the insurance. The descriptions in these successive policies substantially correspond with that to the Plaintiffs in the policies of 23d June, 1858; and the premium of $75 on the last policy, for a year's risk of $5,000, was at the same rate with the premiums previously exacted.

The policy described the insurance as "on the iron and glass

building known as the Crystal Palace, situate on Reservoir Square, between Fortieth and Forty-second streets, and on the east side of Sixth avenue, in the city of New York, together with the furniture and fixtures now in the said building lately owned by the Association for the Exhibition of the Industry of all Nations, and since vested in John H. White as receiver, and also such other property lately vested in said White's hands as receiver, belonging to exhibitors, and lately in said White's custody and keeping, now remaining in said building." The policy contained the usual provisions and conditions of insurance. The term of the policy corresponded substantially with that of the lease from the city to the American Institute, which was made about the same time, at a rent of $6,000 a year.

The fire occurred some three months afterward, and the Plaintiff claimed only to recover in respect to the building, on which the loss largely exceeded the insurance.

The building was a permanent structure, covering some three acres of ground, connected in all its parts, and constructed on solid and fixed foundations.

Other facts appeared, which it is not material to state.

The jury found for the Plaintiff, and the judgment was affirmed at the General Term, the opinion of the Court being delivered by Barbour, J.

*John W. Edmonds* for Appellant.

*Daniel Lord* for Respondent.

PORTER, J.—There is no force in the objection that the attorneys who appear for the Plaintiff are not connected with the city law department. The provision in the amended charter, imposing on that department the duty of conducting all the law business of the corporation, was not intended to disable the city from prosecuting or defending suits without the consent of the " corporation counsel," nor to deprive it of the ordinary right of suitors, to procure such additional professional aid as the circumstances of particular cases might require. In this case it appears, affirmatively, that the action was brought with the assent of the corpo-

ration counsel; but if there had been no proof on the subject, the authority of the attorneys would be presumed.

The objection that the Plaintiff had no insurable interest is equally unfounded.   The Crystal Palace building, as well as the land on which it stood, belonged to the corporation.   There is nothing in the terms of the expired lease, or in the evidence introduced by the Defendants, to give color to the claim they set up, in behalf of persons known or unknown, as an excuse for refusing payment, while they retain the premium of insurance.

The judge was right in admitting proof that the Defendants had insured the property for years, and knew the purpose for which the structure was erected, the manner in which it was occupied, the general character of its contents, and the nature and extent of the risk.   These extrinsic facts were appropriate, as they tended to aid the Court in applying the descriptive language of the policy to the actual subject of insurance, and in giving effect to the words of the contract in the precise sense in which they were understood and employed by the parties (Bidwell *v.* Northwestern Ins. Co. 24 New York, 302; Agawam Bank *v.* Strever, 18 id. 509; Blossom *v.* Griffin, 14 id. 574; French *v.* Carhart, 1 id. 102).

When the policy is read in the light of the antecedent and surrounding circumstances, the import of the written language is in harmony with the manifest intention of the parties.   The contract covered, and was designed to cover, the hazards incident to the occupation of the building for the purpose of exhibiting to the public the general processes and results of human skill in each of the various departments of active and practical industry. The premium was adjusted by the insurers with reference to the nature of the risk, and they cannot justly complain that the property was dedicated to the uses contemplated by them as well as the assured, and embraced in the descriptive terms of the policy (Harper *v.* Albany Ins. Co. 17 New York, 197; Townsend *v.* Northwestern Ins. Co. 18 id. 174; Hoffman *v.* Ætna Ins. Co. 32 id. 405).

Other questions were raised on the argument, but we think

14

none of them call for particular discussion. The rulings of the judge were correct, and the liability of the Defendant is clear.

The judgment should be affirmed, with costs.

All the judges concurring,

Judgment accordingly.