## COURT OF APPEALS.

### JOHN E. TALLMAN, appellant agt. THE ATLANTIC FIRE AND MARINE INSURANCE COMPANY, respondents.

The *general term* of the supreme court, in this case (29 *How.* 71) *held* that: "Where a policy of insurance on chattels contains a clause that, 'in case of any sale, transfer or change of title in the property insured, such insurance shall be void, and cease.' The execution of a chattel mortgage on the property by the insured to a third person, without notice to the insurance company, or their assent obtained, avoids the policy. And that the sale of the mortgaged property, under the power contained in the mortgage, to the mortgagee, and possession by him without notice to the insurer, avoids the policy. Where the insured has no interest in the property at the time of the loss, the policy is void, although the loss is by the terms of the policy made payable to a third person having an interest in the property."

The *court of appeals* decide, that the chattel mortgage given by the insured was notified to the insurance company's agent, and duly acknowledged ;

That the subsequent foreclosure and sale of the mortgage, without the knowledge or assent of the person holding the policy of insurance, did not impair or affect

Tallman agt. The Atlantic Fire and Marine Insurance Company.

the rights of the latter under his contract of insurance with the insurance company;

That the original insurers having allowed the policy to expire, so far as related to any interest they might have in it, it was renewed by the person holding the policy to cover his interest either as owner or mortgagee, and for which he paid the premium; and that the insurance company, by taking this premium, assumed the risk and were liable for the loss thereunder.

*September Term.*

W. C. BROWN, *for the appellant.*
MYERS & MAGONE, *for the respondents.*

DAVIES, Ch. J. The plaintiff, as assignee of William C. Brown, brings this action to recover the amount of an insurance made by the defendants upon certain machinery, &c., in a paper mill at Ogdensburgh. Brown, being the owner of the machinery, on the 30th of November, 1860, sold the same to certain persons doing business under the name and firm of Sturtevant, Sons & Co., for the sum of $2,500; $500 paid in cash; $500 and interest on the 1st of July, 1861; $500 and interest on the 1st day of July, 1862; $500 and interest on the 1st day of January, 1863; and the balance and interest on the 1st day of July, 1863. Sturtevant, Sons & Co. agreed to keep the property insured, at all times, to the amount owing thereon to the said Brown; and the policies, in good stock companies, were to be assigned to him or taken in his name. The agreement further provided, that Sturtevant, Sons & Co. were to have the possession of the machinery, but that Brown was to remain the owner thereof until the same was paid for.

On the 9th of January, 1861, Sturtevant, Sons & Co. took out a policy on said machinery for the sum of $2,000, that being the amount then due to Brown, for one year, "loss, if any, payable to Wm. C. Brown." On the 9th of January, 1862, the policy was renewed and continued for one year for the same amount. At the expiration of this renewed policy, on the 9th of January, 1863, there was due to Brown, under the agreement of November, 1860, the sum of one thousand dollars. Sturtevant, Sons & Co., nor either of them, made any application for a further renewal of the policy.

The agent of the defendants, knowing of the interest in the policy of Brown, and that the policy was really taken out for his benefit and upon his interest, applied to the plaintiff, in the absence of Brown, and who appears to have acted as Brown's agent in the matter, and asked him how much was then due to Brown. He replied, one thousand dollars. The agent then asked Tallman if he would pay the premium. He said, after hesitation, he would. The agent of the defendants testified that he then issued a renewal receipt for one thousand dollars, and sent it round to Brown's office.

The machinery was consumed by fire on the 10th of May, 1863. At the time of the fire, Sturtevant, Sons & Co. owed Brown, under the agreement of November 30, 1860, the sum of $1,061.50; and on the 29th of May, 1863, the plaintiff paid Brown that sum, and, in consideration thereof, Brown assigned to him his claim on account of said loss against these defendants.

On the 13th of May, 1863, Brown presented to the agent of the defendants his claim for said loss under said policy, and was examined by said agent, under oath, touching his claim. He testified that, on the 30th of November, 1860, he was the sole owner of the property covered by said policy, and continued such owner down to the time of such examination, to wit., May 27, 1863; that the property belonged to him, and that no other person or party had any interest therein, except as set forth in said agreement.

It appeared, on the trial of this action, that Sturtevant, Sons & Co., on the 21st of November, 1862, mortgaged their interest in said property to John E. Tallman, the plaintiff; and on the 18th of April, 1863, Tallman foreclosed said mortgage, and sold the interest and property covered thereby, and purchased the same; that said mortgage was executed without the knowledge or assent of said Brown.

Tallman took out two other policies on said property, as follows: One on the 26th of January, 1863, for three months, for $1,500, and which was renewed April 26, 1863, for one year; and one for $1,500 in another company, renewed

April 26, 1863, for one year; in both of which the policy for $1,000, issued by these defendants, was noted; and the agent of the defendants had notice of both of the policies taken out by Tallman, and acknowledged the same in writing. There was no other insurance·upon said property. A question of fraud arose upon the trial, and much testimony was ·taken in relation to it. It was contended, on the part of the defendants, that the property had been intentionally fired by one Tallman, a son of this plaintiff, and one of the firm of Sturtevant, Sons & Co. The defendants moved for a nonsuit upon these grounds:

1. That Sturtevant, Sons & Co., the insured, at the time the policy was made, did not have the absolute title to ·the property insured, and did not disclose the true title to the insurer.

2. That the agent of the defendants, to the knowledge of William C. Brown, had an interest in the insurance adverse to his principal, and, therefore, his acts were void in the· premises.

3. That the last renewal was void for the causes aforesaid, and for the further reason that such renewal was not authorized or effected by the assured.

. 4. That the firm of Sturtevant. Sons & Co. was dissolved before the last renewal, and no notice was given to the insurers.

5. That the subsequent insurance in the Massasoit and North American companies avoided the insurance, because notice thereof was not given to the defendants, nor their assent obtained, pursuant to the provisions of the policy; and that the knowledge of these insurances, by defendants' agent, while acting as agent of the other insurers, and not in the capacity of defendants' agent, is not sufficient to charge defendants, especially where the agent has an interest against his principals.

6. That the execution of the mortgage by Sturtevant, Sons & Co. (to Tallman), without notice to the defendants, or their assent obtained, avoided the policy.

7. That the sale of the said property, under the power

contained in the mortgage, to John E. Tallman, and possession thereof by him, without such notice, avoided the policy.

8. That the policy is void, because the assured had no interest in the property insured at the time of the loss.

The court denied the motion for a nonsuit, and the defendants excepted.

The defendants then asked the court to charge the jury as follows:

1. That, if they find that Sturtevant, Sons & Co. were not the absolute owners of the property at the time of the insurance, and neglected to notify the company of their qualified interest in the property, it avoids the policy, and their verdict should be for the defendants.

2. That, if they find that David M. Chapin had an interest in the insurance adverse to the insurer, to the knowledge of William C. Brown, at the time the insurance was effected, it avoided the policy, and the verdict should be for the defendants.

3. That, if they find the renewal receipt of 1863 was issued without the authority or assent of the assured, their verdict should be for the defendants.

4. That, if they find that the firm of Sturtevant, Sons & Co. was dissolved before the last renewal, without notice thereof to the insurer, their verdict should be for the defendants.

5. That, if they find that the subsequent insurances effected by John E. Tallman were procured without notice to the defendants, their verdict should be for the defendants.

6. That the execution of the chattel mortgage by Sturtevant, Sons & Co. to John E. Tallman, without notice to the defendants, or their assent obtained, avoided the policy, and their verdict should be for the defendants.

7. That the sale of the mortgaged property, under the power contained in the mortgage, to John E. Tallman, and possession by him, without notice to the insurer, avoided the policy, and their verdict should be for the defendants.

8. From the uncontradicted evidence in the case, the

Tallman agt. The Atlantic Fire and Marine Insurance Company.

assured, Sturtevant, Sons & Co. had no interest in the pro-
perty at the time of the loss by fire, and therefore the policy
was void, and their verdict should be for the defendants.

The court refused so to charge, and the defendants excepted
to each refusal separately.

The court then charged the jury that but one question
was submitted to them, viz.: Did Royal Tallman burn the
paper mill? If they found that he did, their verdict should
be for the defendants; if not, their verdict should be for the
plaintiff, for $1,056.72; that all other questions were ques-
tions of law, to be determined and decided by the court. To
this charge and direction no exception was taken.

The jury found a verdict for plaintiff for $1,056.72, and
judgment thereon was entered for plaintiff.

On appeal, the general term reversed the judgment and
granted a new trial. (29 *How.* 71.)

The plaintiff now appeals to this court, and stipulates
that, if the order appealed from be affirmed, judgment abso-
lute shall be rendered against him.

On the 9th of January, 1863, when Brown, the plaintiff's
assignor, reinsured with the defendants, in the sum of $1,000,
his interest in the property covered by the policy, it was, in
fact, an insurance for his benefit. As between him and
Sturtevant, Sons & Co., he remained and continued the
owner of the property covered by the insurance. The
arrangement between Brown and that firm seems to have
been well understood by Chapin, the defendants' agent. If
Brown continued the owner of the property, notwithstand-
ing the executory contract of sale of November, 1860 (and,
as between him and the firm, he certainly did), then the
insurance was, in fact, upon his property, though in form
upon the property of Sturtevant, Sons & Co. (*Burt* agt.
*Dutcher*, 34 *N. Y. R.* 493.) We said, in the case of *Bidwell*
agt. *Northwestern Insurance Company* (24 *Id.* 302): "Indeed,
it is not easy to perceive why an insurance company, by
reason of the formal words or clauses (of a general and com-
prehensive nature) inserted in a policy, intended to reach
broad classes of contingencies, should ever be allowed to

avoid liability on the ground that facts, of which the company had full knowledge at the time of issuing the policy, were then not in accordance with the formal words of the contract, or some of its multifarious conditions. If such facts are to be held a breach of such a clause, they are a breach *eo instanti* of the making of the contract, and are so known to be by the company as well as the insured. And to allow the company to take the premium without taking the risk, would be to encourage a fraud." We also held, in that case, that parol evidence was admissible to show that the property insured was the owner's equity of redemption in the vessel, which was subject to certain mortgages known to the insurer.

This is precisely what was shown upon the trial of this action. Sturtevant, Sons & Co. allowed the policy to expire, so far as it related to any interest they might have in it. It was then renewed by Brown, to cover his interest, and to the extent of his interest, and he, by his agent, paid to the defendants' agent the premium demanded; and to allow these defendants to take a premium for a known and intended risk, without assuming it, and holding them answerable for their contract, would be to encourage a fraud. Brown had an interest in the property covered by the policy, either as owner or mortgagee, to the extent of $1,000. It was an insurable interest. The defendants assumed the risk of the preservation of the property for the period within which the claim of Brown was to be extinguished, and, in case of its destruction, to pay to him the sum agreed upon. That property was destroyed, without any fault or fraud on his part. He did nothing, after the issuing of the policy to him, and prior to its destruction, to change, in any particular whatever, his relations to that property. He made no transfer of it, or of his interest in it. He effected no other insurance upon it; and the fact of the mortgage to Tallman by Sturtevant, Sons & Co. of their interest in the property covered by this policy, was notified to the defendants' agent, and duly acknowledged. The subsequent foreclosure and sale by Tallman of the mortgage, thereby vesting in him

absolutely all the right, title and interest of Sturtevant, Sons & Co., without the knowledge, consent or assent of Brown, cannot in any way impair or affect the rights of the latter under his contract of insurance with the defendants. The judge at the trial, therefore, properly refused to non-suit the plaintiff. The only fact submitted to the jury was found adversely to the defendants. In the view we take of this case, we do not see the materiality of that question, as legally affecting the rights of the plaintiff, as the assignor of Brown's claim for a loss upon his policy. But, as the result was unfavorable to the defendants, it is not essential to pass upon that point. No other question of fact was asked for by the defendants to be submitted to the jury, and they acquiesced in the decision of the judge at the trial, that no other question of fact was presented by the testimony. The facts must, therefore, be assumed as proven on the part of the plaintiff, and as contended for by him. Upon these facts, and the authority of the cases already referred to, the plaintiff was clearly entitled to recover. The various requests to charge were rightfully decided by the judge, for the reasons already adverted to. It is unnecessary to refer to them in detail, as they all proceed on assumptions not tenable, nor properly arising from the facts in this case.

The order of the general term, granting a new trial, should be reversed, and judgment on the verdict should be affirmed, with costs.

LEONARD, PECKHAM, PORTER and WRIGHT, Judges, concurring.

Judgment reversed.