H. AMELIA BENNETT, Respondent, v. JAMES BUCHAN,
. Appellant.

A general finding of a referee is controlled by a special finding of fact.
A warranty does not extend to known defects; and in an action to recover
· for an alleged breach, parol evidence is competent to show that at the
time of entering upon the contract plaintiff had knowledge or notice of
the real facts.
The notice which will estop the party from claiming a breach of a covenant,
may be either actual or constructive. Notice to the agent who negoti-
ated the contract on his part is notice to him.
If the agent acquires knowledge of a fact while engaged in the business
· of his principal which should put him upon inquiry, and fails to insti-
tute the proper inquiries by reason of forgetfulness, it is negligence,
and the doctrine of constructive notice applies.
Defendant executed to plaintiff an assignment of a judgment; the assign-
ment contained a covenant that a sum therein named, which was the
full amount of the judgment, was then due thereon. In an action to
recover damages for an alleged breach of the covenant, it appeared
that, prior to the assignment, one of the judgment debtors had paid a
percentage thereof, and had been released and discharged; it also
appeared that the agent of plaintiff, who negotiated the purchase of the
judgment, was informed of the fact of such discharge a short time
before taking the assignment. *Held,* that plaintiff was bound by the
knowledge of her agent; and, being thus chargeable with knowledge of
the release, could not claim it as a breach, and was not entitled to
recover.

(Argued February 10, 1879; decided March 18, 1879.)

APPEAL from judgment of the General Term of the
Supreme Court, affirming a judgment in favor of plaintiff,
entered upon the report of a referee.

This action was brought to recover damages for an alleged
breach of covenant in an assignment of a judgment.

On the 2d day of September, 1861, the defendant and one
Rich, who were partners, recovered a judgment against
Erastus S. Doran, James E. Doran, Allen H. Gillett and
Homer W. Wooster, who were also partners, for damages
and costs, $1,038.46. On the 19th day of March, 1863,
defendant and Rich released Gillett from all liability on this

judgment, and the release was, on the 1st day of October, 1865, entered of record in the proper clerk's office. On the 28th day of January, 1865, the firm of Buchan & Rich was dissolved, and the affairs of the firm were left in the hands of the defendant to be closed up. On the 1st day of March, 1866, the defendant executed, in the firm name, to the plaintiff, in consideration of ten per cent paid by her, an assignment of the said judgment, in which the judgment against all the defendants therein was recited, and the amount thereof was stated. The assignment contained the following clause : "And the said parties of the first part do covenant that there is now due on the said judgment the sum of $1,038.46, and interest from September 2, 1861, and that they will not collect or receive the same, nor any part thereof, nor release or discharge the said judgment." The referee found that the plaintiff, at the time of purchasing the judgment and receiving the assignment, had no notice, and was not chargeable with notice or knowledge that Gillett had been released or discharged therefrom ; and that the release of the judgment and the assignment thereof were both made in good faith and without any fraudulent intent. It appeared and the referee in substance found that John C. Bennett was the husband of plaintiff, and was her agent in negotiating the purchase of the judgment. The referee also made the following findings of fact : " That the said John C. Bennett was informed by Levi W. Hall, in the winter of 1866, and previous to the purchase and assignment by the defendant of said judgment to H. Amelia Bennett, the plaintiff, that said Allen H. Gillett had been discharged from his liabilities. That afterwards and before the purchase and transfer of said judgment to the plaintiff, he caused an examination to be made at the clerk's office, under the index letter D in the docket of judgments, and that the records thereof did not show that said Gillett had been released from the judgment in question, and thereafter the plaintiff bought said judgment, and the same was assigned with covenants as hereinbefore found." All the judgment debtors were, at the time of the assign-

ment, and have continued to be, insolvent except Gillett, and the judgment could have been collected of him.

Further facts appear in the opinion.

*Wm. C. Ruger*, for appellant. A special finding of fact by a referee controls a general finding. (*Phelps* v. *Vischer*, 50 N. Y., 69–70.) Plaintiff had sufficient notice to put her on inquiry. (*Hawley* v. *Cramer*, 4 Cow., 741; 61 N. Y., 225.) Notice to an agent is notice to the principal. (*Le Neve* v. *Le Neve*, 2 L. Cas. in Eq., 21; *The Distilled Spirits*, 11 Wall., 356; *Bk. of U. S.* v. *Davis*, 2 Hill, 451.) Whatever notice or information plaintiff's husband received respecting the judgment assigned to her, such as affected its value or collectibility, must be deemed to have been communicated to her, and is binding, although it was never actually done. (*Dresser* v. *Norwood*, 17 C. B. [N. S.], 466; *Hart* v. *F. and M. Bk.*, 33 Vt., 253.) A warranty does not extend to known or visible defects. (*Schuyler* v. *Russ*, 2 Cai. Cas., 201; *Jennings* v. *Chenango Co. Ins. Co.*, 2 Den., 75; *Bidwell* v. *N. W. Ins. Co.*, 24 N. Y., 302; *Tallman* v. *At. Ins. Co.*, 3 Keyes, 92; *Van Schoick* v. *Nia. Ins. Co.*, 68 N. Y., 438.) The notice which will estop a warrantee from claiming a breach of warranty may be either actual or constructive. (*Plumb* v. *Flintt*, 2 Anstr., 438; *Rogers* v. *Jones*, 8 N. H., 264; *Williamson* v. *Brown*, 15 N. Y., 359; *Jones* v. *Smith*, 1 Hare, 43.) A recital in a deed, mortgage or judgment is good notice. (*Farrors* v. *Reas*, 4 Beav., 18; *Montefiore* v. *Brown*, 7 H. of L. Case, 241; *Gibert* v. *Peteler*, 38 N. Y., 165.) Or knowledge that an estate is in the occupation of another, either as purchaser or tenant. (*Brown* v. *Volkening*, 64 N. Y., 76; *Daniels* v. *Davidson*, 17 Ves., 433.) Whatever is sufficient to direct the attention of a purchaser to the prior rights and equities of third persons, and to enable him to ascertain their nature by diligent inquiry will operate as notice. (*Sigourney* v. *Mann*, 7 Conn., 324; *Pendleton* v. *Gray*, 2 Paige, 202; *Hawley* v. *Cramer*, 4 Cow., 717; *Reed* v. *Gannon*, 50 N. Y., 349–350; *Kellogg* v. *Smith*, 26 id.,

318; *Youngs* v. *Wilson*, 27 id., 351; *Baker* v. *Bliss*, 39 id., 70; *Williamson* v. *Brown*, 15 id., 362; *Whitbread* v. *Bouluois*, 1 Y. & C., 303; *Montefiore* v. *Brown*, 7 H. of L. Cas., 241; *Baker* v. *Bliss*, 39 N. Y., 70.) The notice which puts a purchaser upon inquiry need not necessarily be derived from a party to the transaction, but is equally effective when it comes from a stranger. (*Jackson* v. *Caldwell*, 1 Cow., 622; *Rapplier* v. *Rapplier*, 1 Rawle, 386; *Butler* v. *Stevens*, 26 Me., 484.) Whatever notice an agent receives while concerned for his principal, he is bound to recollect, and his knowledge operates as constructive notice to the principal. (Story on Agency, § 140; *The Distilled Spirits*, 11 Wall., 356; *Ingalls* v. *Morgan*, 10 N. Y., 184; *Hargreaves* v. *Rothwell*, 1 Kean, 154; 15 N. Y., 362; *Reed* v. *Gannon*, 50 id., 350.)

*Geo. N. Kennedy*, for respondent. The parol evidence offered was inadmissible, as tending to vary and alter the effect of the written covenant of defendant. (Rawles on Covenant Title, 128, 132; *Hubbard* v. *Norton*, 10 Conn., 422; *Sargent* v. *Getterson*, 13 N. H., 273; *Lloyd* v. *Quimby*, 5 Ohio, 165; *Taylor* v. *Gillman*, 25 Vt., 413; *Suydam* v. *Jones*, 10 Wend., 185; *Bitts* v. *Turner*, 1 Johns. Cas., 65.)

MILLER, J. If the plaintiff had knowledge when she purchased the judgment that Gillett was discharged, it would deprive her of the remedy she seeks, and she cannot recover in this action. The referee made a general finding that she had no notice and was not chargeable with notice or knowledge that Gillett had been released. He also made a special finding that Bennett, the agent and husband of the plaintiff, who negotiated the purchase of the judgment, was informed by one Hall, in the winter of 1866, and previous to the purchase and assignment of the judgment, that Gillett had been discharged from his liabilities; that afterwards, and before the purchase and transfer of the judgment to the plaintiff, he caused an examination to be made

at the clerk's office, under the letter D in the docket of judgments, and that the records did not show that the said Gillett had been released from the judgment in question. Full effect must be given to the latter finding, upon the principle that a general finding of a referee, like a verdict, is controlled by a special finding of fact. (*Phelps* v. *Vischer*, 50 N. Y., 69, 72.) The evidence establishes that Bennett was well acquainted with Gillett; that the docket of judgments, under the letter G, showed that Gillett had been released, and that Bennett had stated to one Lewis that Gillett had been discharged from his debts. The plaintiff was not called to testify that neither she nor her husband had notice that Gillett was released.

The notice which will estop a party from claiming a breach of a covenant may be either actual or constructive. The one operates directly, while the other operates indirectly and by presumption. The rule is laid down in *Williamson* v. *Brown*, (15 N. Y., 354, 362), to be that "where a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered a *bona fide* purchaser." (See also *Reed* v. *Gannon*, 50 N. Y., 349, 350; *Pendleton* v. *Gray*, 2 Paige, 202; *Hawley* v. *Cramer*, 4 Cow., 717; *Baker* v. *Bliss*, 39 N. Y., 70; *Brown* v. *Volkening*, 64 id., 76.)

Assuming that there is no proof that the plaintiff had notice, it was sufficient that the agent who negotiated the purchase of the judgment was notified. The general rule is undisputed, that notice to the agent is notice to the principal; and upon general principles of policy it must be taken for granted that the principal knows whatever the agent knows, and that there is no difference between actual and constructive notice. (*Bank of U. S.* v. *Davis*, 2 Hill, 451–461; *The Distilled Spirits*, 11 Wall., 356, 366, 367; *Le Neve* v. *Le Neve*, 2 Lead. Cas. in Eq., 21.) If the agent

acquires knowledge of a fact, while engaged in the business of his principal, and fails to institute the proper inquiries, by reason of forgetfulness, it is negligence, and the doctrine of constructive notice applies. (See 15 N. Y., 362 [*supra*]; 50 id., 350 [*supra*]). He was bound to inquire in this case. As he knew prior to the purchase that Gillett had been discharged, the presumption that he retained such knowledge, and that he had it present to his mind, will depend upon the lapse of time. Here, the proposition to purchase was made on the fifteenth day of February, 1866, and the assignment bears date on the first day of March following. As the notice was received by him in the winter of 1866, it is scarcely to be presumed that he could have forgotten the fact when the purchase was made. It must be taken for granted that the principal knows whatever the agent knows, and hence, that the plaintiff had all the information which her husband and agent had, in regard to the value of the judgment and the responsibility of the parties, as well as the probability of the collection of the same, and she was bound by such knowledge. (*Dresser* v. *Norwood*, 17 C. B. [N. S.], 466, and authorities cited in note at page 482; *Hart* v. *Farmers and Mechanics' Bank*, 33 Vt., 253.)

It is claimed by the counsel for the respondent that the covenant contained in the assignment, that the sum named therein was due, was absolute, and that the parol evidence, given to show notice, tends to contradict and vary a written instrument, and hence, cannot affect the plaintiff's claim. The principle is well settled, we think, that parol proof is competent to establish that, at the time of entering upon a contract, the party claiming a breach of warranty received information or had knowledge of the real facts, and hence, that a warranty does not extend to known defects. This rule has been frequently recognized in the reported cases. (*Schuyler* v. *Russ*, 2 Cai., 201; *Jennings* v. *Chenango Co. Mut. Ins. Co.*, 2 Den., 75; *Bidwell* v. *N. W. Ins. Co.*, 24 N. Y., 302; *Tallman* v. *Atlantic Ins. Co.*, 3 Keyes, 93; *Van Schoick* v. *Niagara F. Ins. Co.*, 68 N. Y., 434.) In the last case cited,

the policy of insurance, upon which the action was brought, contained a warranty that the building insured did not stand on leased land; but it appeared that this fact was known to the defendant's agent, to whom the application was made. It was held that the knowledge of the agent was the knowledge of the defendant, when it accepted the risk, and that the defendant was estopped from setting it up, and it was not a breach of the warranty. We are referred to a number of cases by the counsel for the respondent, to sustain a different rule; but an examination of them discloses that they relate mainly to covenants as to real estate, and the admission of evidence to contradict or vary the same, and we think they are not in point. Applying the principles discussed to the case considered, we are brought to the conclusion that the plaintiff was chargeable with notice that Gillett had been released, at the time of the purchase; and if the plaintiff's agent had been vigilant, and had desired to do so, he could have acquired absolute knowledge of the fact, by an examination of the records, under Gillett's name. That he failed to do this shows either that he did not consider it important, or that he was not vigilant. It follows that the referee erred, and the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur, except RAPALLO, J., absent at argument.

Judgment reversed.