### NEWMAN *et al.* v. BLESSING *et al.*

(*Supreme Court, General Term, Third Department.* February 7, 1889.)

INSURANCE—MUTUAL FIRE COMPANIES—ADJUSTMENT—OBJECTIONS WAIVED.

> The secretary of a mutual fire insurance company was verbally notified of a loss to a policy-holder, and went to view the ruins of the building burned. Afterwards he notified the directors of the company by postal-card to meet at a certain time and place to adjust the loss. The directors met accordingly, and adjusted the loss without any disagreement as to the justice of the policy-holder's claim or as to amount due him. The insured furnished under oath a statement of the loss. *Held,* that any technical irregularity with regard to the adjustment of the loss was waived.[1]

Appeal from circuit court, Albany county.

[1] As to what will constitute a waiver of proofs of loss in actions on insurance policies, see Chamberlain v. Insurance Co., 3 N. Y. Supp. 701, and note; Insurance Co. v. Sweetser, (Ind.) 19 N. E. Rep. 159; Dial v. Association, (S. C.) 8 S. E. Rep. 27, and note; Insurance Co. v. Ruckman, (Ill.) 20 N. E. Rep. 77.

Action by John Newman and others against Martin J. Blessing and others. Judgment was given for defendants, and plaintiffs appeal.

Argued before LEARNED P. J., and LANDON and INGALLS, JJ.

*Thomson & Van Voast,* for appellants. *J. H. Clute* and *H. Griggs,* for respondents.

INGALLS, J. This action was brought by the plaintiffs to prevent the paying over to the defendant Andrew Cameron of a sum of money which was awarded to him by the directors of the Guilderland Insurance Association, for a loss sustained by him in the destruction by fire of his dwelling-house and furniture, which were insured by said company in the sum of $1,100. An injunction was granted prohibiting the paying over of such money to the defendant Cameron, upon the alleged ground that the adjustment of the loss of Cameron was excessive, and that the same was made irregularly, and without authority, and was therefore void. The court made the following findings of facts and conclusions of law:

"FINDINGS OF FACTS.

"*First,* that the defendant the Guilderland Mutual Insurance Association exists as a corporation, under and by virtue of the statute in relation thereto; *second,* that the defendants Martin J. Blessing, James H. Hilton, Peter J. Relyea, Thaddeus Chesboro, Henry Hurst, Jacob A. Relyea, Jacob H. Hallenbeck, and George B. Passage were the directors of said insurance association; *third,* that said association did insure the said Andrew Cameron against loss by fire; *fourth,* that the policy went into effect in 1885, and to continue until 1890, and that while in force the property insured by the said association for Andrew Cameron was destroyed by fire; *fifth,* that Andrew Cameron immediately notified the secretary of said insurance association, William A. Young, of said loss; *sixth,* that said secretary did notify the directors, according to the by-laws of said Guilderland Mutual Insurance Association; *seventh,* that the directors met at the house of M. H. Frederick, and took proof of the loss, and made an award as required by the by-laws, in which they awarded Andrew Cameron the sum of one thousand one hundred dollars as the loss by fire, which the Guilderland Mutual Insurance Association was liable to pay; *eighth,* that said award was made in accordance with the articles of association and by-laws of said insurance association, and not in conflict with section 6, c. 739, Laws 1857, nor in conflict with said section as amended by chapter 412, Laws 1878; *ninth,* that said award was made in the manner usually made by said association, and was legally made, upon due proof of loss.

"CONCLUSIONS OF LAW.

"*First,* that said award was a legal and valid award, made upon due and competent proof of loss; *second,* that the plaintiff's complaint be dismissed on the merits, with costs to be taxed to the defendant Andrew Cameron, he having put in a separate answer, and that said complaint be dismissed, with costs to be taxed to the defendants directors, they having put in a separate answer herein; *third,* it is further ordered that the injunction heretofore granted in this action restraining the defendants directors from paying to said Andrew Cameron the amount of the award so made to him be dissolved and held for naught; *fourth,* judgment is directed in accordance with the foregoing findings.          SAMUEL EDWARDS, Justice Supreme Court.

"*Dated July* 14, 1888."

By an examination of the facts of the case, we have become convinced that the findings of the learned justice are sustained by the evidence, and that the action was properly decided at the circuit. There seems to be no reasonable ground for even an inference that there was any fraud or collusion in obtaining the insurance, or that the property insured was intentionally overestimated as to value. The dwelling-house and its contents were wholly destroyed

by the fire, and there is nothing in the evidence to justify even a suspicion that Cameron was chargeable with any fraud or improper conduct in regard to such loss. The only question worthy of consideration is whether there was any such irregularity in adjusting the loss as to render such proceeding void, and thereby justify the granting of an injunction at the instance of a member of the association, to prevent the payment of the money awarded to the defendant Cameron. We are satisfied that the trial court took a proper view of such proceedings, and was justified by the evidence in holding that there was a substantial compliance with the requirements of the articles of association, the by-laws of the company, and the statute, which contained the requirements necessary to a valid adjustment of such loss. Notice of the fire was given by the daughter of Mr. Cameron to William A. Young, who was the secretary and treasurer of the company, and it proved sufficient to set him in motion, as his evidence shows that he went and viewed the ruins, and made inquiries in regard to the property destroyed. He testified to the following: "*Question.* After receiving that notice, what did you do? *Answer.* After I received the notice from the daughter of Mr. Cameron, I supposed it was, I drove down to Mr. Cameron's place one evening, and I found Mr. Cameron there about the premises where the building had been burned, looked over the place where it was burned, and around there, and took an observation of what was around there,—the stuff that had been burned, and so on. I think I measured the building; that is, the foundation of the building." He received no written notice, and none such was required. It appears that William A. Young notified the directors and Mr. Cameron of the time and place when and where a meeting would be held to adjust such loss, and that such notice was by postal. In relation thereto he testified as follows: "*Question.* Did you take any minutes in writing of your observation at that time? *Answer.* If I did, I have forgotten it now. I don't remember whether I did or not. *Q.* What did you do then? *A.* I went back home. *Q.* Tell me the routine, after receiving notice of this fire, up to the meeting of the directors. *A.* My business I did was this: I notified the directors by postal, I think, —generally do; that is my general custom,—to meet on such a day, at the house of Wm. B. Fredericks,—he is a man that keeps a hotel in the village,— to meet on a certain day to adjust the loss of Cameron's fire. It might have been a couple of weeks from the time I was down there. *Q.* That is all you did before the meeting? *A.* All I remember of now. I might have talked of it to different parties. *Q.* Talked it over, like neighbors? *A.* Yes; speak to me about the fire, when a meeting would be, and such as that. Of course, I can't remember all those things. *Q.* In pursuance to that they met on the 30th? *A.* According to my minutes, the 30th day of July, '87. Meeting called to order on the 30th day of July. *Q.* Is the place mentioned there? *A.* Yes; at the house of William B. Fredericks. At a meeting of board of directors by the Guilderland Mutual Insurance Association, held at the house of William B. Fredericks, for the purpose of adjusting a loss caused by fire on the 16th day of July, in the case of Andrew Cameron against Guilderland Mutual Insurance Company. Meeting called to order by the vice-president. *Q.* Who? *A.* I think James H. Hilton, at the time. The following directors appeared: James H. Hilton, Jacob H. Hallenbeck, Peter J. Relyea, Martin J. Blessing, Thaddeus Chesboro, Jacob H. Relyea, Henry Harris. *Q.* I see you name Blessing as being in attendance? *A.* I think Martin J. Blessing came in after the meeting had been called to order. *Q.* And didn't take the chair? *A.* I think that Blessing took possession after he came there."

The directors investigated the loss, and adjusted the same, and there is nothing in the evidence to show that there was any disagreement between them, either in regard to the justness of the claim made by Cameron, or the amount thereof. The directors represented the company, and we do not perceive but that they were entirely competent to discharge the duty which they undertook

to perform. As there was no controversy or disagreement in regard to the amount to which Mr. Cameron was entitled, there was seemingly no necessity to resort to a committee to estimate the same. Certainly the company was fairly represented by the directors, all of whom were stockholders thereof. The insured furnished, under oath, a statement of his loss, and the amount thereof. As the directors attended the meeting, and performed the duties required of them, and Mr. Young, the secretary and treasurer, having, in response to the notice which he received, visited the premises after the fire occurred, and notified the directors to meet for the purpose of adjusting such loss, any technical irregularity in regard to such notice, if any such existed, must be considered as waived. *Titus* v. *Insurance Co.*, 81 N. Y. 410; *Bennett* v. *Buchan*, 76 N. Y. 386; *Bennett* v. *Insurance Co.*, 106 N. Y. 243, 12 N. E. Rep. 609; *Van Schoick* v. *Insurance Co.*, 68 N. Y. 434. We have examined the exceptions to the rulings of the judge at the circuit in regard to receiving and rejecting evidence, and discover no error which calls for a reversal of the judgment, which should be affirmed, with costs. All concur.