AMOS ROWLEY, Respondent, *v.* THE EMPIRE INSURANCE COMPANY, Appellant.

An insurance company will not be permitted to avoid a policy issued by them, upon the ground that the insured failed to notify them of certain facts of which the policy required notice, if it is shown that the company or its agent had full knowledge of those facts at the time of issuing the policy. The knowledge of the facts is sufficient notice.

*A. B. Capron*, for the appellant.

*E. H. Benn*, for the respondent.

DAVIES, Ch. J. This action is upon a policy of insurance issued by the defendants on the 21st of June, 1861, whereby they insured the plaintiff for the term of one year from June 11, 1861, at 12 o'clock, noon, $300 on his dwelling-house, and $300 on his furniture and clothing and $50 on his provisions therein. The policy contained this clause: "And if the said insured, or his, her or their assigns, shall hereafter make any other insurance on the same property, not consented to by the secretary in writing, this policy shall cease and be of no further effect." And annexed to the policy and forming a part thereof, were these conditions of insurance, namely: "applications for insurance must specify the nature and amount of incumbrances, if any,—if any other insurance, the amount and what company." And any misstatement or concealment relative to any of the foregoing requirements or withholding any information affecting the hazard, shall render the insurance void, the validity of the policy being based thereon."

The plaintiff's application for the insurance for the sum of $650 for one year from June 11, 1861, being $300 on dwelling-house, $300 on clothing, etc., and $50 on provisions, was read in evidence and contained this statement: "I own the property, there is no incumbrance." It appeared that the application was made out by William Dean, the agent of the defendants, and on presentation to the plaintiff was signed by him. It

appeared from the testimony of Dean that the plaintiff signed the application in blank, and that he (Dean) afterward filled it up and forwarded it to the company. This was a second policy and made a few days after the first had expired. It also appeared that the plaintiff purchased the premises of one Roswell Goff in the spring of 1860, but did not pay the whole consideration at the time, that he gave a mortgage to Goff to secure a part of the purchase-money amounting to about $2,430.

That Dean, the defendants' agent, knew at the time plaintiff took out his first policy, about June, 1860, of the existence of this incumbrance, that the plaintiff told him of it at the time he applied for the renewal thereof, and at the time the present policy was issued, and the plaintiff told Dean of its existence also at the time when the first policy was issued, as also when he applied for the second or present policy.

On the 29th of January, 1861, the defendants issued a policy to Goff to secure him a mortgage upon the same dwelling-house, for the sum of $300; the dwelling-house being valued at the sum of $600. It may be assumed that Goff's loss has been paid.

The jury, under the direction of the court, gave a verdict for the plaintiff for the sum of $618.09, and judgment thereon was affirmed on appeal.

I am unable to see any defense whatever, which the defendants have to that part of the plaintiff's loss amounting to $318,09, being for the loss of clothing, provisions, etc. There is no pretense that there was any other insurance upon this property, or any breach of warranty in respect to it. The plaintiff's right to recover for the loss of this property is therefore indisputable.

How stands it, in reference to his right of recovery for the loss sustained by him in reference to the destruction of his dwelling-house? This is resisted by the defendants upon two grounds.

It is claimed that the insurance by Goff, as mortgagee of the dwelling-house, was a violation of that provision of the policy which declares that, in case the insured shall

have any other insurance against loss by fire on the property insured, not notified to the secretary of the company, then the policy issued to the plaintiff should be void and of no effect. There are several conclusive answers to this objection :

1. The provision in the policy requiring notice to be given to the company of other insurances, relates only to other insurances by the plaintiff, and such are the express terms of the policy. Other insurance on the same property by another person is no defense, and is not a violation of this clause of the policy. (*Tyler* v. *Ætna Fire Insurance Company*, 12 Wend. 507; affirmed in Court of Errors, 16 Wend. 385.)

2. At the time this policy was issued to the plaintiff he had no knowledge of the policy held by Goff, and he could not therefore have notified the company of its existence.

3. But the company had actual notice of the policy held by Goff at the time it issued the policy to the plaintiff on the 21st of June, 1861. Goff's policy was issued by this company on the 29th of January, 1861. And the company therefore knew on the 21st of June following, of its existence. They cannot now complain that this plaintiff did not notify them of a fact of which he had no knowledge, but of which they had actual knowledge. But the notice to Dean, the agent of the defendants, if this policy to Goff had been within the terms of the plaintiff's policy, was a sufficient notice to the company. (*McEwen* v. *The Montgomery County Mutual Insurance Co.*, 5 Hill, 101; *Winne* v. *Genesee Mutual Insurance Co.*, 14 N. Y. 418.)

These defendants, therefore, cannot now be permitted to set up that the policy issued by them to this plaintiff is void, because he did not notify their secretary of the existence of the policy issued by themselves to Goff in the month of January previous. Neither can they be permitted to say that it is void because the plaintiff, in his application, stated that the property was unincumbered. First, because Dean, their agent, knew it was incumbered by the mortgage to Goff, and his knowledge is notice to them. And secondly, because the defendants themselves had actual knowledge of

this mortgage to Goff, as, on the 29th of January previous, they insured his interest, as mortgagee of this identical property, and subsequently paid the loss which he sustained as such. The defendants, therefore, with actual notice of this incumbrance, and after insuring the holder thereof, received the premium from this defendant, and issued a policy to him, intending, as we must assume by their subsequent conduct, in case of loss, to avail themselves of the defense that there had been a technical breach of warranty by the assured. The remarks of Judge Wright in the case of *Ames* v. *The N. Y. Union Ins. Co.* (14 N. Y. 253), are pertinent to the case at bar: " The defendants took the premium for insuring the plaintiff and issued the policy, well knowing that there had been verbal notice, but none in writing. Honesty and good faith demand that they should not be allowed to make the objection now; that though verbally notified of the incumbrance, for want of a written notice the policy is bad. They waived the necessity of such written notice, and, to prevent fraud and injustice, are estopped from making the objection. They took the plaintiff's money, and issued a policy to him upon verbal notice of the incumbrance, though the conditions of insurance required the notice to be in writing. They affirmed the policy to be valid without written notice, and the plaintiff acted upon such affirmation, and paid the consideration for insurance. The defendants ought not to be permitted to gainsay their acts when the effect would be to defraud the other contracting party." (See also the case of *Plumber* v. *Cattaraugus Mutual Ins. Co.*, 18 N. Y. 392.)

But how much stronger is the present case. There the defendants seek to avoid their policy, on the ground that there was an incumbrance on the property at the time they issued their policy to the plaintiff, and he did not notify them of its existence, but, on the contrary, avowed in his application that there was no incumbrance, when, in fact, the agent of the defendant, who filled up and prepared this application, well knew of the existence of this incumbrance, and the company also knew of it, and had known of it for

months previously. They also seek to avoid it, on the ground that upon a portion of the property insured there was other insurance not notified by this plaintiff to them. That other insurance was made by this company, they had full knowledge of it, and notice from this plaintiff, even if he had known of its existence, would have furnished them no additional information. As well observed by Judge GOULD in *Bidwell* v. *N. W. Ins. Company* (24 N. Y. 302): "If such facts are to be held a breach of such a clause, they are a breach *eo instanti* of the making of the contract, and are so known to be by the company as well as the insured; and to allow the company to take the premium, without taking the risk, would be to encourage a fraud. It would, as a legal principle, be equivalent to holding that a warranty of the soundness of a horse is a warranty that he has four legs, when one has been cut off." (See also *Tallman* v. *The Atlantic Fire and M. Ins. Co.*, decided December, 1866.)

The judgment of the Supreme Court should be affirmed, with costs.

All concur.

Judgment affirmed.