HENRY LUDWIG, Appellant, *v.* THE JERSEY CITY INSURANCE COMPANY, Respondent.

Defendant issued to plaintiff a policy of insurance, covering his stock of goods on the first floor of the building, No. 39 Centre Street, N. Y. Prior to the expiration of the policy, plaintiff removed the goods and business to an upper story in the same building.    Defendant, with full notice of the change of location, received the premium for renewal, and issued a renewal receipt referring to 39 Centre street, and to the former policy, but expressing in itself no restriction to the first floor.    The property being destroyed by fire in an action to recover the amount in-

sured,—*Held*, that it must be presumed the company intended to give a valid insurance, as to presume the contrary would be to impute a fraudulent intent; it also intended plaintiff to understand he had received such an insurance. The contract of re-insurance, therefore, will be construed as covering the goods in the new location, and in this respect modifying the original contract.

(Argued October 3d, 1871; decided January Term, 1872.)

APPEAL from an order of the General Term of the Supreme Court, in the first judicial district, setting aside a verdict in favor of the plaintiff, and ordering a new trial.

Defendant issued to plaintiff a policy of insurance, dated May 21st, 1863, by which it insured him against loss or damage by fire, to the amount of $2,000, on his stock of books, * * paper stock, stereotype plates stored, but not in use, and on the store fixtures, all contained in the first story of the five-story brick building situated at No. 39 Centre street, in the city of New York.

On the first of May, 1864, plaintiff vacated the first story of said building, and moved his business up stairs.

After that period none of the plaintiff's property remained in the first story.

After he had moved his place of business and property up stairs, the agent of the defendant called upon him about the 21st of May, 1864, and was informed by the plaintiff that he had moved up stairs. The agent said, "I see you are."

At this interview the plaintiff paid to the defendant's agent the premium for the renewal of insurance for the succeeding year, and defendant's agent gave to plaintiff a receipt, in these words:

" On Stock.

" Premises—39 Centre Street, city of New York.

"Office of Jersey City Insurance Company,
"Jersey City, 21st May, 1864.

"No. 26,954.—Received of Henry Ludwig, thirty dollars, being the premium on two thousand dollars insured under policy No. 21,863, which is hereby continued in force for one

year—to wit: from the twenty-first day of May, 1864, until the twenty-first day of May, 1865, at noon.

"J. PALMER,

"*Secretary.*"

On the 9th of December following, a fire occurred, by which plaintiff's property was destroyed. The only question raised upon the trial was as to whether the policy covered the property destroyed.

*John E. Burrill and J. F. Malcolm* for the appellant. The court will construe the undertaking so as not to render it nugatory. (*Richardson* v. *Waring*, 39 Barb., 45, 47; *Kunzee* v. *A. E. Fire Ins. Co.*, 41 N. Y., 412.) For this purpose the court will look at the extrinsic facts. (Greenl. Ev., 317, 327; *Blossom* v. *Griffin*, 13 N. Y., 569; *Bancroft* v. *Winspear*, 44 Barb., 209.) The court will interpret the language in the sense used by the parties, and with reference to the state of things then existing. (*Liddle* v. *Market Ins. Co.*, 4 Bosw., 174; *Mayer* v. *Exchange Ins. Co.*, 3 Keyes, 436.) Other cases to the same point: (*Bidwell* v. *N. W. Ins. Co.*, 24 N. Y., 302; *Agawam B'k* v. *Strever*, 18 N. Y., 509; *French* v. *Carhart*, 18 id., 102.) Verbal notice of the change was sufficient. (*McEwen* v. *Montgomery Ins. Co.*, 5 Hill, 101; *Liddle* v. *Market Fire Ins. Co.*, 4 Bosw., 179; *Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y., 253; *Smith* v. *Gagerty*, 4 Barb., 614.) Even with provision that notice should be in writing, it was competent to the defendant to waive that provision. (4 Bosw. R., 179; 14 N. Y. R., 253.) Defendant did not ask that any question should be submitted to the jury, and if the court, by directing a verdict, determined some question incorrectly, it cannot now raise the objection. (*Marine Bank* v. *Clements*, 31 N. Y. R., 33, 43; *Dows* v. *Rush*, 28 Barb., 180; *Mallory* v. *Tioga Co.*, 3 Keyes, 356; *Barnes* v. *Penire*, 12 N. Y., 18, 23; *Winchell* v. *Hicks*, 18 id., 558.) Neither can a question now be raised as to the authority of the agent. (*Sipperly* v. *Stewart*, 50 Barb., 62.)

*John M. Scribner, Jr.* for the respondent.  The location of the goods insured constitutes an essential consideration, and the contract must be construed according to its precise terms. (Ellis on Ins., 12 ; *N. Y. Gas-light Co.* v. *M. Fire Ins. Co.*, 2 Hall, 108 ; *Brown* v. *Cattaraugus Mutual Insurance Co.*, 18 N. Y., 385 ; *Chase* v. *Hamilton Ins. Co.*, 20 id., 52 ; *Boynton* v. *The Clinton and Essex Mutual Ins. Co.*, 16 Barb., 254.)  Any statement in a policy which relates to the risk is a warranty.  (*Wall* v. *The East River Mutual Ins. Co.*, 7 N. Y. 3 Seld., 370 ; *Fowler* v. *Ætna Ins. Co.*, 6 Cow., 673.) And even "knowledge by the agent of the insurer of the falsity of the warranty will not relieve from the consequences of a breach."  (*Chase* v. *Hamilton Ins. Co.*, 20 N. Y., 52.) There was nothing in the policy or receipt which can be construed into an insurance upon goods, except in the first story. (*Balt. Fire Ins. Co.* v. *McGowan*, 16 Md., 47 ; *Heron* v. *Peoria M. and F. Ins. Co.*, 28 Ill., 235 ; *N. E. F. and M. Ins. Co.* v. *Wetmore*, 32 Ill., 221.)  Plaintiff cannot recover in a mere general equity, because of alleged mistake in contract, with a suit to have it reformed.  (*Leavitt* v. *Palmer*, 3 Com., 19.)

HUNT, C.  At the close of the evidence, the defendant moved for a dismissal of the complaint upon the ground that the defendant only insured the goods of the plaintiff upon the first floor of the building No. 39 Centre street.  This motion was denied, and it is upon this point that the question presented for decision arises.  No point was made at the trial that the person to whom notice of the change of location of the goods was given was not a proper person for that purpose.  It was not suggested that he had not sufficient authority to receive the notice and to act upon it.  No such suggestion can now be made.  (*Beals* v. *Home Ins. Co.*, 36 N. Y., 529.)  The case may be stated in this form : The defendant issue to the plaintiff a policy for one year, covering his goods on the first floor of the building 39 Centre street. The year being about to expire, and the goods having, in the meantime, been removed to an upper story of the same

building, the plaintiff gives notice to the defendant of such change of location, pays the renewal premium, and receives a renewal receipt referring to No. 39 Centre street and to the former policy, but expressing, in itself, no restriction as to the first floor of the building. Upon the occurrence of a fire, can the plaintiff recover his damages?

An insurance against loss by fire may be made by parol as well as by writing. (*Fish* v. *Cottenet*, 44 N. Y., 538.) A written contract of insurance may be modified by parol without the passage of any new consideration to support it. (*Trustees First Baptist Church* v. *Brooklyn Fire Insurance Company*, 19 N. Y., 305; *Blanchard* v. *Trim*, 38 id., 225.) Every renewal of a policy constitutes a new contract, and the old contract may be modified in any of its parts at the pleasure of the parties. A contract is to be construed to mean: 1. What its terms plainly express; or 2. What the promisor intended the promisee to understand that it meant. (*Botsford* v. *McLean*, May, 1870.) Here the insurance had expired, or was about to expire. No loss had been incurred, and no liability existed. Both parties wished the contract to be extended. The plaintiff desired an insurance upon his goods in the upper stories of the building. He had none in the lower story. The company wished to insure him on his goods where they were, not where they were not. Knowing exactly where they were, they receive the compensation for one year's insurance and deliver him the contract before us. I doubt not that they intended to give him a valid insurance, and intended him to believe that he had received such. To suppose otherwise would impute to them a fraudulent disposition, which there is nothing in the case to justify. The parties supposed that the paper delivered reached the case, and intended that it should. We can accomplish this intent by such a construction of the writing. It is as if the defendant had indorsed upon the policy a memorandum that the location of the goods had been changed, or as if notice of that fact had been verbally given and assented to. The con-

tract would then have been for an insurance upon goods on the first floor, modified as to the floor or story. The modification is established in two modes: 1, by the new paper, which, referring to the policy, describes also the goods as being simply in store No. 39 Centre street; and, 2, by the fact that the defendant knew perfectly where the goods were and insured them there, or intended the plaintiff to suppose that it did so insure them. (*Botsford* v. *McLean, supra.*) If the plaintiff had said to the defendant at its office, I have removed my goods to the third story, I wish to continue the insurance for one year, and had paid it thirty dollars, which it had received, it would certainly have been liable in case of a loss. The reference to the first story in the original policy would have been deemed to have been modified by the notice and the acceptance of the premium. The plaintiff has lost nothing by taking a receipt which, so far as it goes, sustains his view of the case.

The only support of this defence is the position that, when it gave the renewal receipt, the defendant did not intend to make any further insurance. This cannot be sustained without an imputation on its honesty. It knew when it took the premium that something was expected of it. Men do not pay moneys to insurance companies gratuitously, without expectation of benefit or return. It knew, also, that the plaintiff had no property on the first floor to be protected. The only possible alternative is the case claimed by the plaintiff, to wit: that the original contract was understood and intended to be modified by applying the policy to the goods on the upper stories. (*Solnies* v. *The Rutger Fire Ins. Co.*, 3 Keyes, 416; *Mayor* v. *Exchange Fire Ins. Co.*, id., 436; *Plumb* v. *Cattaraugus Co.*, 18 N. Y., 392.)

The order for a new trial should be reversed, and judgment ordered for the plaintiff upon the verdict, with costs.

All concur.

Order reversed and judgment accordingly.