·BENJAMIN VAN SCHOICK, Respondent, *v.* THE NIAGARA FIRE
INSURANCE COMPANY, Appellant.

A policy of fire insurance contained a condition, that "if a building is
insured that is on leased land, the same must be specifically represented
to the company and expressed in this policy in writing; otherwise the
insurance shall be void." A building insured was on leased land, and
this fact was not expressed in the policy; it was known, however, to
defendant's agent, to whom application for the policy was made. In
an action upon the policy, *held* (ALLEN, RAPALLO and EARL, JJ., dis-
senting), that, as the knowledge of the agent was the knowledge of the
defendant, his principal, when it accepted the risk, it had information
that the building stood upon leased ground; that it was to be presumed
that defendant had overlooked the condition, and so had forgotten to
express the fact in the policy, or that it waived the condition or held
itself estopped from setting it up; as to presume otherwise, would be
to impute to defendant a fraudulent intent in issuing a policy known
by it to be invalid.

*Pindar* v. *Resolute Ins. Co.* (47 N. Y., 114), *Rohrback* v. *Germania Ins. Co.*
(62 N. Y., 613), *Ripley* v. *The Ætna Ins. Co.* (30 N. Y., 136), distin-
guished.

Application for the policy was made to L., who was engaged in the
insurance business in partnership with D.; the latter was the commis-
sioned and nominal agent of defendant; as to plaintiff, L. acted as
agent with the assent of D., which action was known to defendant and
not disapproved of. A joint commission had been promised to L. and
D., which was issued before the delivery of the policy. *Held,* that
defendant was bound by the acts and the knowledge of L.

(Argued January 31, 1877; decided February 13, 1877.)

APPEAL from judgment of the General Term of the Supreme
Court, in the third judicial department, in favor of plaintiff,
entered upon an order denying a motion for a new trial and
directing judgment upon a verdict.

The nature of the action and the facts appear sufficiently
in the opinion.

*Wm. C. Ruger* for the appellant. The breach of the con-
dition as to the policy being on leased land, avoided the
policy. (61 N. Y., 575; Angel on Ins., 145; Marshal on Ins.,

249 ; *Murdock* v. *Chenango Mut. Ins. Co.*, 2 Comst., 220 ; *Ripley* v. *Etna Ins. Co.*, 30 N. Y., 150 ; *Bidwell* v. *N. W. Ins. Co.*, 19 id., 179; 63 id., 404.) This condition amounted to an express warranty. (*Pierce* v. *Empire Ins. Co.*, 62 Barb., 636 ; *Mead* v. *N. W. Ins. Co.*, 7 N. Y., 530 ; *Wilson* v. *Herk. Mut. Ins. Co.*, 6 id., 53 ; *French* v. *Chenango Mut. Ins. Co.*, 7 Hill, 122 ; *Jennings* v. *Chenango Mut. Ins. Co.*, 2 Den., 75 ; 5 id., 326 ; *Burnett* v. *Sar. Co. Mut. Ins. Co.*, 5 Hill, 188 ; *Wall* v. *Howard*, 14 Barb., 383 ; 56 N. Y., 565.) The rule that a warranty on the sale of personal property does not extend to defects known to the purchasers, does not apply to warranties in policies of insurance. (Angel on Ins., 143 ; 2 Den., 75 ; *Kennedy* v. *St. L. M. Ins. Co.*, 10 Barb., 285 ; 30 N. Y., 161.) Knowledge in an agent to bind his principal must be acquired while acting in the business of his principal. (*McEwan* v. *Ins. Co.*, 5 Hill, 101 ; *Bk. of U. S.* v. *Davis*, 2 id., 461 ; *Sutton* v. *Dillaye*, 3 Barb., 519 ; 10 N. Y., 68 ; *Ames* v. *N. Y. Un. Ins. Co.*, 14 id., 254 ; 1 Barb. Ch., 273.)

*T. F. Bush* for the respondent. The application was not such an one as is required to constitute a warranty. (*Clinton* v. *Hope Ins. Co.*, 45 N. Y., 455.) The condition as to the building standing on leased ground was waived by the agent, and defendant was bound by this waiver. (*Rowley* v. *Emp. Ins. Co.*, 3 Keyes, 557 ; *Winne* v. *Gen. Mut. Ins. Co.*, 14 N. Y., 418 ; *Ames* v. *N. Y. Ins. Co.*, id., 253 ; *Plumber* v. *Cat. Ins. Co.*, 18 id., 392 ; *Bidwell* v. *N. W. Ins. Co.*, 24 id., 302 ; *Bodine* v. *Ex. Ins. Co.*, 51 id., 117 ; *Cone* v. *Nia. Ins. Co.*, 3 N. Y. S. C. R., 33 ; *John* v. *Farmers' Ins. Co.*, 5 Lans., 275 ; *McEwen* v. *Mont. Ins. Co.*, 5 Hill, 101 ; *Master* v. *Mad. Co. Ins. Co.*, 11 Barb., 624.)

FOLGER, J. This was an action upon a policy of fire insurance. It contained this condition : " Any interest in property insured not absolute, or that is less than a perfect title, or if a building is insured that is on leased ground, the

same must be specifically represented to the company, and expressed in this policy in writing, otherwise the insurance shall be void." The fact is, that part of the property described in the policy, as subject of the insurance, was a building on leased ground. That fact was not expressed in writing in the policy. The defendant claims that thereby the insurance was void, and puts itself thereon as a defence to the action. It is to be observed of this condition, that it is not one of those which are subsequent to the formation of the contract, a breach of which may occur after there has been a valid contract made and entered into, and continued in existence for a part of its prescribed term. It is a condition precedent, lying at the threshold of the making of the contract, and which if not then performed, or not then obviated, prevents the formation of an enforceable contract. It is obvious, that this building being on leased ground, the very moment that the policy passed from the defendant to the plaintiff, the insurance on it was void, if the condition holds. They were concurrent acts, the delivery of the contract, and a breach of this condition; so that at the same instant that the defendant said we insure this building, at the same instant the condition was broken and the insurance was void. So that if nothing is shown to break the rigid effect of this condition, there never was any insurance by this defendant upon that building. We would scarce expect two parties to go through so senseless and trifling an act, if the facts were known to each at the time; but would rather conclude that they had by words or act agreed that the condition should not be considered as binding. "If these defendants were an entity, and could have stood near to that building, when the oral negotiation for insurance was made and completed, and have seen" and known that it was upon leased ground; "could it fairly be contended that they would have offered to the plaintiff, or that he would knowingly have received, as the correctly written evidence of the contract, this policy, with the condition in question, contained in it as an operative and binding clause? We cannot suppose that either plaintiff or defendant would do the utterly absurd

thing of making, with deliberation and knowledge, a contract that was void from inception, and was in contradiction of the facts and statements of the negotiation." It is plain that the plaintiff and the agent meant to contract and did contract for the insurance of that building, as a building on leased land. (*Cone* v. *Niag. F. Ins. Co.*, 60 N. Y., 619.) Hence we are not surprised; that the plaintiff claims that the fact that the building was on leased ground, was made known to the defendant when the policy was applied for; and that the policy was delivered and the premium accepted by them, without insisting upon the fact and the condition. He makes that action of the company, with that knowledge, his reply to their defence based on that condition and its breach.

We must first inquire, whether the plaintiff is right as to the fact of the prior knowledge of the defendant that the building was upon leased ground. It is shown that at a time previous to the issuing of this policy, the facts in relation to the title of the property, just as they were (that the land was owned by one person, and the building by another, and the contract between them), were told to one Lewis, an insurance agent. This Lewis, when the policy in suit was issued, having this information, and with a view to this insurance, asked if there was any change in the property, and was told that there was not. So that at the time of the issuing of this policy, Lewis was informed of the fact, that this building was within the scope of this condition. It is now to learn, if Lewis was the agent or substantially so of the defendant. It is shown that one Doolittle was the commissioned and ostensible agent of the defendant, but that Lewis and he were in partnership in the business of soliciting and procuring insurance; that Lewis did with assent of Doolittle so act as to this defendant; that such action was known to defendant and not disapproved of by it; that a joint commission had for some time been promised by the defendant to those two as its agents, which was delayed, but finally issued before the delivery of this policy; (*Bodine* v. *Exchange F. Ins. Co.*, 51 N. Y., 117.) We think that the facts bring the case within

that decision.   So that, as the information of the agent, is the information of his principal, the defendant when it accepted this risk, had information that this building stood upon leased ground.   Besides that; in stating these facts, as they appeared to him, on the motion of the defendant that the court direct a verdict for it; the learned judge who held the circuit assumed or found that Lewis had the relations of an agent to the defendant.   No objection was made by the defendant to this, nor any request to go to the jury upon it as a question of fact. So it must be taken as a conceded fact in the case; (*Tallman* v. *Atlantic Ins. Co.*, 3 Keyes, 87.)

And so again comes up, the oft-recurring and still vexed question, between insurance companies and their policyholders; whether a fact, thoroughly well known and comprehended by both sides to the contract before it is delivered, may, by force of some condition, crouched unseen in the jungle of printed matter with which a modern policy is overgrown, make a defence for the company, after the catastrophe and damage has happened against which it professes to guard.   It is to be confessed, that the decisions in this State, do not, upon a cursory perusal at least, seem strictly in harmony, in regard to it.   There are cases which hold that where an application is made a part of the policy by the terms of it, and some false assertion has been inserted in the application by the agent, when the truth has been at the same time well known to him, that the insured shall not be prejudiced thereby ; (*Rowley* v. *The Empire Ins. Co.*, 3 Keyes, 557 ; *Plumb* v. *Catt. Ins. Co.*, 18 N. Y., 392 ; *Ames* v. *N. Y. Ins. Co.*, 14 N. Y., 253.) There are others, where the fact fell within the condemnation of some condition of the policy ; yet as the fact as it existed, was known to the company, it was held to be estopped from setting up the condition against a recovery ; (14 N. Y., *supra ; Bidwell* v. *N. W. Ins. Co.*, 24 id., 302 ; *Bodine* v. *Exchange Ins. Co.*, 51 id., 117.)   There are others, in which there was a suit in equity, seeking a reformation of the contract, and it was held that the facts showed unmistakably, that the parties never meant to enter into a contract with

such a condition or description in it as was set up against a recovery; (*Cone* v. *Niagara Ins. Co.*, 60 N. Y., 619; *Mahar* v. *Hibernia Ins. Co.*, 67 id., 283.) In the latter case, the facts made a clear *estoppel en pais* against the company. It has also been held, that a warranty, part of the printed matter of the policy, has been dispensed with by the oral agreement of the parties made before the delivery of the policy; (*McCall* v. *Sun Mut. Ins. Co.*, 66 N. Y., 505.) On the other hand, in an action at law, it has been held, that where the terms of the policy are clear and unambiguous, parol proof is inadmissible to vary them, or to show that either or both parties, were not aware that they were exchanging a contract such as was requested, and as agreed with the facts in the situation of the property; (*Pindar* v. *Resolute Ins. Co.*, 47 N. Y., 114; see, also, *Rohrback* v. *Germania Ins. Co.*, 62 id., 613.) And so it has been held that parol proof is not admissible, to show that both parties knew that a statement in an application for a policy was not true; (*Ripley* v *Ætna Ins. Co.*, 30 N. Y. 136.) Other cases bearing upon the subject might be cited — *quantum suff.*

There is no doubt but that, ordinarily considered, this condition in the policy, was a warranty that the building did not stand upon leased land; and that the truth of that warranty became a condition precedent to any liability on the part of the defendant. Yet, there is no doubt, too, that a condition in a policy may be waived by the insurer, or, as some cases put it, he be estopped from setting it up, and that such result may be worked by parol, or by act without words. It has been held over and over, that the customary clause in a policy, that it will not be binding upon the insurer until the premium is paid in fact, may be waived by parol, or by act, and the policy may be delivered and become a binding contract upon the insurer, without payment in hand of the premium; (*Trustees, etc.,* v. *Br. Ins. Company*, 19 N. Y., 305; *Sheldon* v. *Atlantic F. Ins. Co.*, 26 id., 460; *Wood* v. *Po. Ins. Co.*, 32 id., 619; *Boehen* v. *Wms. B. City Ins. Co.*, 35 id., 131; *Bodine* v. *Ins. Co.*, 51 id., 117.) As to other waivers, see *Ludwig* v. *Jersey City Insurance Company* (48 N. Y., 384), and cases there

cited; *Shearman* v. *Niagara Fire Insurance Company* (46 id., 532). Now, in this first class of cases, it has been thought that the fact, that the insurer delivered to the insured the written contract, as the consummated agreement between them, and did not then exact present payment of the premium as a necessary precedent to delivery, was too plainly in contradiction with the condition for prepayment, for it to be supposed that it was meant by the insurer or supposed by either party that it was intended to make that condition a potent part of the contract. Such a provision, it is said, could have no effect upon the delivered and perfect contract in which it was contained; (19 N. Y., *supra.*) It would be imputing a fraudulent intent to the defendant in this case, to say or to think that they did not mean when they delivered this policy to the plaintiff, to give him a valid and binding contract of insurance, or that they did not mean that he should believe that he had one, or that they did not suppose that he did so believe. And such imputation can be avoided, only by supposing that it had overlooked this condition, and so forgotten to express the fact as to the building, in writing, upon the policy; or that it waived the condition, or held itself estopped from setting it up. The condition of prepayment of premium is, like this under consideration, one at the threshold of the making of the contract, and if it is not observed, no valid contract is made unless it is stepped over or thrust aside. It is consistent with fair dealing and a freedom from fraudulent purpose, to hold that one or the other was done; that is, that there was waiver, or is estoppel.

There are other conditions precedent which may be waived. Thus, in *Myers* v. *Life Insurance Company* (27 Penn. St., 268), it is said that the countersigning by the agents is under some circumstances not essential, though required by condition. The ground there stated is, that on an equitable interpretation of the whole contract, it may become the duty of the court to dispense with a portion of the forms of the contract, if it can find any reliable substitute for them; on the principle that cures defective execution of powers, where

the intention to execute is sufficiently plain. The contract was to be complete when delivered by the agents, and countersigning by them was to be the appointed evidence of its proper delivery. There may be other evidence, to be regarded as equivalent. So here, it was not that the defendant would not at all insure a building on leased lands. They did agree to take a risk upon it. But to have it insured by them, the fact of it being on leased land must be expressed to them. This was done. As evidence that it was done, it must, they said in the policy afterwards delivered, appear in writing on the policy. This is, like countersigning by agent, but one of the forms of making the contract. That the policy was delivered, and the premium received, with full purpose of insuring that building, with full purpose of making a valid and obligatory contract, is evidence that through neglect or forgetfulness one of the forms was not observed; or that it was waived by the parties.

This case is to be distinguished from that of *Pindar* (47 N. Y., 114). There, Pindar asked a policy in a certain form of words. The insurer issued it to him in a different form, and in such form as would not cover certain classes of goods, and as, by the presence of those classes in the store, rendered the whole policy void. It was not proposed to show, that the insurer knew that the very class of goods on which insurance was sought, was in the store, and that the policy was delivered with the purpose to insure that class, and with the mutual understanding, that by the policy it was insured. Hence that case differs from this, and it was properly held that Pindar was bound by his contract. In *Rohrbach's Case* (*supra*), the decision went upon the effect of a peculiar clause in the policy, and in that fact is quite different from this. *Chase* v. *Hamilton Insurance Company* (20 N. Y., 52) is put upon a ground, very like that in *Rohrbach's Case;* that it was printed in the application, that the company would not be bound by knowledge of the agent, and that the company could not be held thereby, unless there was fraud, or prevention of the application from making a true

statement. *Ripley* v. *The Ætna Insurance Company* (30 N. Y., 136) is to be distinguished from this in hand. There the representation or warranty was promissory. It was an agreement by the applicant that he would thereafter keep a watchman in his mill, of nights. This looked to the future conduct on his part. It was not a part of the form of the contract. And though the agent of the insurer knew the custom of the applicant had not been to keep a watchman in his mill from midnight on the last day of the week till midnight of the first day of the next week, that did not affect his promise thereafter to do differently. It is also said in that case, that there may be a waiver of conditions, but only on an agreement founded on a valuable consideration, or when the act relied upon as a waiver is such as to estop a party from insisting on the condition. In the case in hand, there is a consideration in the premium paid, which would not have been done with an understanding that the condition should remain and be enforced, thus making the payment futile. In the purview of some of the cases there is also an estoppel.

It is difficult to make all the cases upon this subject harmonize; but by the force of authority, we are constrained to hold, that such a condition as this may be waived by the insurer, by express words to that effect, or by acts done under such circumstances, as would otherwise impute a fraudulent purpose, and as will estop him from setting up the condition against the insured.

There is another defence relied upon by the defendant. It arises in this wise: When the defendant decided upon taking the risk, it was with this condition, that the plaintiff would agree to keep a certain quantity of water in the building and under conditions to keep it from freezing, and that this was made known to the plaintiff at or before the issuing of the policy.

The facts of the case do not sustain this ground of defence. Though the defendants put upon their agents the duty of affixing to the contract, the requirement that water should be kept standing in the building; there is no proof that it

was made known to the plaintiff, as a requirement. It never came to the personal knowledge of the plaintiff. If it ever came to the knowledge of Stanton, and Stanton is to be regarded as the agent of the plaintiff at that time; it did not come to him as a requirement, conditioned upon the observance of which the policy was to be valid. It reached him as a request, obedience to which was not obligatory, but gratuitous or courteous. It is quite doubtful, if as such even, it reached him before the issuing of the policy and the delivery of it to the plaintiff.

We, therefore, conclude that the judgment appealed from should be affirmed.

CHURCH, Ch. J., ANDREWS and MILLER, JJ., concur; ALLEN, RAPALLO and EARL, JJ., dissent.

Judgment affirmed.