WILLIAM BROADHEAD, PLAINTIFF, *v.* THE LYCOMING
FIRE INSURANCE COMPANY, ETC., DEFENDANT.

*Policy of insurance — Knowledge of its agent, when that of the insurance company — estoppel — waiver.*

In an action to recover the amount due upon a policy of insurance against fire
issued by the defendant, the defense alleged was a breach of certain conditions
of the policy, avoiding it in case the assured was not the sole owner of the
premises insured, or in case his title was not absolute. Upon the trial it
appeared that the agent of the company, at the time of issuing the policy,
had full knowledge as to the actual interest of the assured in the property, to
which he did not hold the absolute title.

*Held,* that the knowledge of the agent was the knowledge of the company, and
that the issuing of the policy with full knowledge of the interest of the assured
was a waiver of those conditions, or operated as an estoppel against the company.

*Van Schoick* v. *The Niagara Fire Ins. Co.* (68 N. Y., 434) followed.

MOTION for a new trial on exceptions ordered to be heard, in
the first instance, at the General Term, after a verdict directed
for the plaintiff.

The action was on a policy of insurance, dated January 26,
1875, covering a building for $333; also machinery, $333; also
stock, $168. The policy was countersigned by Hiram Smith,
second, agent. The property was destroyed by fire September 3,
1875. The cause was tried at the Chautauqua Circuit. The
verdict was directed for the plaintiff for $180.74, being for the
amount of material plaintiff had in the mill. The plaintiff excepted
to the direction of the court, and asked to go to the jury on the
question of waiver of stipulations in the policy, and also upon the
question of fraud on the part of the agent. The request was
refused by the court, and plaintiff excepted.

The policy was issued to plaintiff, who did not have title in fee
to the land, but he held the premises under an assignment of land
contracts from Morse, who held contracts for the purchase thereof,
and transferred them to the plaintiff for indorsing and becoming
surety for him. Thereafter Morse made an assignment to plaintiff
for the benefit of his creditors, and the plaintiff took possession
of the property and operated the mill.

While possessing this property under these claims, the plaintiff

obtained the policy and the fire occurred.    The court only allowed the plaintiff to recover what he owned in the mill in his individual right.    Upon the trial, the defendant admitted the agency of Smith, and the policy.    The policy ran to the plaintiff, and was dated the 26th of January, 1875.    It was countersigned by Smith, the agent.    The policy contained the following clauses:

"The use of general terms, or anything less than a distinct, specific agreement, clearly expressed and indorsed in this policy, shall not be construed as a waiver of any printed or written condition or restriction therein.

"Re-insurance, in case of loss, to be settled in proportion as the sum re-insured shall bear to the whole sum covered by the re-insured company.

"In case of any other insurance upon the property hereby insured, whether made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon; and it is hereby declared and agreed that, in case of the assured holding any other policy in this or any other company on the property insured, subject to the conditions of average, this policy shall be subject to the average in like manner.

"All fraud or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claims on this company under this policy.

"It is expressly understood, and a part of this contract, that any person other than the assured who may have procured this insurance to be taken by this company, shall be deemed to be the agent of the assured named in this policy, and not of this company, under any circumstances whatever, or in any transaction relating to this insurance.

"No agent is empowered to waive any of the conditions of this policy, either before or after a loss, without special authority, in writing, from the company.

"And it is hereby understood and agreed by and between this company and the assured, that this policy is made and accepted in reference to the foregoing terms and conditions, which are hereby

declared to be a part of this contract, and are to be used and resorted to in order to determine the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for in writing.

" This policy shall not be valid until countersigned by ————.

" If the interest of the assured in the property be any other than the *entire, unconditional, and sole ownership* of the property *for the use and benefit of the assured ;* or if the building insured stands on *leased ground,* it must be so *represented* to the company and so *expressed in the written* part of this policy, otherwise the policy shall be void.

" When property has been sold 'and delivered, or otherwise disposed of, so that all interest or liability on the part of the assured herein named has ceased, this insurance on such property shall immediately terminate.

" Goods held on storage or commission must be separately and specifically insured."

There was no written application for the policy. It was delivered about the date of the policy by Smith, the agent of the company, and was held by the plaintiff until the building was burned. The proofs were presented October, 1875.

The general assignment executed by Morse was dated December 9, 1874. After the assignment plaintiff took possession of the mill. He also had a chattel mortgage on some of the personal property ; and had taken possession of the personal property. When the property was transferred by Morse to the plaintiff it was insured, and the policies were transferred to the plaintiff, to which transfer Smith consented. Afterwards Smith asked the plaintiff if he wanted the policies continued. The policy was made out and delivered to plaintiff without an examination. Evidence was given tending to show that Smith was informed of the several transfers of the property.

Some evidence offered by plaintiff to establish knowledge in Smith, the agent, of the condition of the title and the rights of plaintiff therein at the time the policy was issued, was excluded by the court and the plaintiff excepted.

The defense was: 1. A breach of the conditions and terms of the policy, as it was claimed that the plaintiff was not

the owner thereof solely; and, 2. That his title was not absolute.

*C. R. Lockwood,* for the appellant.

*W. F. Cogswell,* for the respondent.

HARDIN, J.:

If all the stipulations in the policy were in force at the time of the fire, the plaintiff could not recover. The trial judge held, in effect, that knowledge of the agent of the facts in respect to the title to the property did not affect the policy. He was justified in so holding under the authority of *Alexander* v. *The Germania Insurance Co.* (66 N. Y., 464), and *Miaghan* v. *The Hartford Ins. Co.* (12 Hun, 321.)

But since the trial and since those cases were decided, the Court of Appeals, in *Van Schoick* v. *The Niagara Fire Insurance Co.* (68 N. Y., 434), has held that knowledge of the agent of facts, in respect to the ownership of the property, was knowledge by the company, and that such knowledge of the title as disclosed in this case by the evidence, may have the effect of a waiver by the company of the conditions in its policy or authorize the finding of an estoppel.

We must follow the principles laid down by FOLGER, J., in his opinion in that case, and we, therefore, hold that there was a question of fact for the jury in respect to the knowledge possessed by Smith, the agent, at the time he delivered the policy to the plaintiff.

We must, therefore, set aside the verdict and grant a new trial, with costs to abide the event.

TALCOTT, P. J. I concur in the foregoing opinion of HARDIN, Justice, on the authority of *Van Schoick* v. *The Niagara Fire Ins. Co.*, reported in 68 N. Y., 434, as being the latest enunciation of the law on the subject by the court of last resort.

SMITH, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.