STEPHEN McCABE, APPELLANT, v. THE FARM BUILD-INGS FIRE INSURANCE COMPANY, RESPONDENT.

*Policy of insurance — conditions in — when company estopped from enforcing.*

In an action upon a policy of insurance, it appeared that, at the time it was issued, there was other insurance upon the same property. The policy contained a clause avoiding it if there should be other insurance upon the property, unless its written consent thereto was indorsed on the policy. Its written consent had never been indorsed on the policy.

Upon the trial, plaintiff offered to prove that one Higginson was the agent of the defendant ; that he solicited the insurance from plaintiff, who informed him of the prior insurance and the particulars thereof, and said he wished to continue it ; but Higginson proposed to insure him for the amount of this policy in addition to the prior insurance; that the plaintiff agreed, and paid him the premium and subsequently received the policy, not knowing that it contained the said clause. The evidence was rejected.

*Held,* that this was error. First, because, if true, the defendant would be estopped from enforcing the condition ; and second, because, under the offer, evidence might have been given to show that Higginson's agency was of such a character as to render his acts binding on the defendant.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed by the court at Circuit.

The action was brought upon a policy of insurance, to recover for the burning of the insured property.

*Dan'l W. Guernsey,* for the appellant.

*S. Earl,* for the respondent.

GILBERT, J.:

The policy in this case contained a clause to the effect that the defendant should not be liable for loss if there was other insurance on the same property, without the written consent of the defendant indorsed on the policy. It was admitted by the plaintiff that he had other and prior insurance on the same property covered by the defendant's policy, and that the same was in force at the time the plaintiff procured said policy; that the defendant never gave any consent to such prior insurance, and that no written consent to the same was ever indorsed on the last-named policy. *Prima*

*facie*, these admissions established the defense. But before the admissions were made, the plaintiff had testified that he got the policy in suit from one Higginson; that Higginson was the agent, and gave him a receipt for the premium paid, and that Higginson solicited the insurance. The plaintiff offered to show that the agent Higginson called on the plaintiff, and proposed to insure the property mentioned in the policy of the defendant; that the plaintiff informed him that he had the prior insurance mentioned, and specified the particulars thereof; that it was then talked between the agent and the plaintiff that there was not insurance enough; that the plaintiff said he wished to continue the prior insurance; that Higginson proposed to insure him in the defendant company for the amount of the policy in this action, *in addition to said prior insurance ;* that the plaintiff agreed thereto, and thereupon paid the premium; that four days afterward Higginson delivered to the plaintiff the policy in suit, and that the plaintiff did not know that it contained the condition respecting other insurance.

The court rejected the evidence offered as being inadmissible, and thereupon nonsuited the plaintiff. We think the court erred.

The plaintiff had already testified that Higginson was the defendant's agent, and the defendant had neither cross-examined him nor given any evidence on that subject. Higginson negotiated the contract of insurance, and received the premium paid. The defendant by issuing the policy adopted and ratified those acts. Omitting a consideration of the extent of Higginson's authority, let us see how the case stands, assuming that he had authority to do, on behalf of the defendant, what he actually did, namely, negotiate the contract of insurance, and receive the premium which the plaintiff paid. It is a general rule, applicable to principals of every sort, that notice to the agent is notice to the principal, if the fact is brought to the knowledge of the agent while he is acting for his principal in the course of the very transaction which is the subject of the suit. (Story Agency, § 140; *Bank of U. S.* v. *Davis*, 2 Hill, 461.) Higginson must, on this appeal, be deemed to have had notice of the prior insurance while negotiating the contract in suit in behalf of the defendant, and to have agreed to make the present one in addition thereto. The defendant having received the premium and issued the policy to complete such negotiation, must

also be deemed to have constituted Higginson their agent to conduct that negotiation. The case is, therefore, brought within the principle stated, and the defendant must be treated as having issued the policy in suit to one who had no knowledge of the condition against prior insurance, after it had received notice of such prior insurance. The fact that the notice was not given to the officers of the company personally makes no difference, for if the rule were otherwise, the legal effect of notice might be avoided in every case by employing an agent. The law, therefore, makes no distinction in a case like this between notice to an agent or to one of several agents, and notice directly to the principal except in respect to guilt. Whether the notice to the agent be actual or constructive, the same kind of notice is attributed to the principal, whether actually communicated or not. (*Fulton Bank* v. *N. Y. & S. Canal Co.*, 4 Paige, 127; *North River Bank* v. *Aymar*, 3 Hill, 262; *Hovey* v. *Blanchard*, 13 N. H., 145; *Coolidge* v. *Charter Oak Life Ins. Co.*, 1 Missouri App., 109.) It would be unreasonable to suppose that the defendants intended to issue a policy which was void the instant it was issued, unless we conclude that they designed to commit a fraud upon the plaintiff. Hence the only inference from the facts which is compatible with good faith on the part of the defendants, is that the condition as to prior insurance was waived. The case of *Van Schoick* v. *The Niagara Ins. Co.* (68 N. Y., 434), is a full authority for this position, and it also furnishes an answer to the point suggested by the defendant's counsel that the contract cannot be contradicted or varied by parol evidence.

If, however, a technical waiver was not shown, the defendant is estopped from setting up the condition, for the reason that it is apparent that the plaintiff was induced to forego a formal compliance with the condition by the conduct of the person who negotiated the contract on behalf of the defendant. To give effect to the condition after such conduct, would require the court to sanction a gross fraud on the plaintiff. (*Cont'l Bank* v. *Bank of The Commonwealth*, 50 N. Y., 575; 68 N. Y., *supra*.)

We are also of opinion, that if the foregoing views are doubtful, the evidence rejected should have been received, because the offer of the plaintiff embraced evidence of the agency of Higginson

without any limitation respecting the nature of his agency.    The offer was to prove the particulars of a transaction with Higginson the agent.    Under such an offer evidence might have been given of a general agency, or of an agency of a limited character, but which would, nevertheless, render his acts in this case binding on the defendant.

The judgment must be reversed and a new trial granted, with costs to abide the event.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide event.