EDGAR HOLMES, RESPONDENT, *v.* MARCUS D. DREW, RECEIVER OF THE FARMERS' JOINT STOCK INSURANCE COMPANY, APPELLANT.

*Application for insurance — when the knowledge of an agent is that of the company — when the latter is estopped from insisting upon an inaccuracy in the application — right of the insured to apportion a mortgage covering two or more parcels of land.*

In an action upon a policy of insurance for $2,200, $500 being on a barn, and the balance on farm produce and other personal property therein, it appeared that the insured owned two farms, upon one of which the barn was situated, both farms being included in and covered by a mortgage for $4,800. Defendant's agent filled in the answers to the application for the insurance, and was fully informed as to the facts; he apportioned the mortgage between the two farms, and stated that the one on which the barn was situated was incumbered to the amount of $2,600, stating to the insured that the amount of incumbrances on farm buildings was not considered important. The action was defended on the ground that there had been a mis-statement as to the amount of the incumbrance and a breach of warranty.

*Held,* that even if there were any breach of warranty it only invalidated the policy as to the barn, and not as to the personal property therein.

That the knowledge of the agent was to be imputed to the company, and that by issuing the policy it over-looked any inaccuracy in the statement of the incumbrances on the property.

*Semble,* that in such a case an apportionment in good faith of the amount of the incumbrance between the two parcels would not be a breach of warranty.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*J. A. Stull,* for the appellant.

*J. C. Cochrane,* for the respondent.

TALCOTT, J.:

This is an appeal from a judgment rendered on the report of a referee.

The action is upon a policy of fire insurance originally issued to one James L. Fulton, of Clarkson, in the county of Monroe. The claim of Fulton for the loss having been assigned after the loss

and proofs thereof to the present plaintiff, as collateral to a certain mortgage. The action was originally commenced against the Farmers' Joint Stock Insurance Company of Meridian, in Cayuga county.

After the referee had made his report, the present defendant Drew, who had been appointed a receiver of the Farmers' Joint Stock Insurance Company, was, by order of the court, substituted as the defendant in the action, with leave to appeal from the judgment.

The defense set up in the answer is a false representation and warranty as to the amount of the incumbrances on the insured property, and also an over valuation thereof. The policy of insurance was for $2,200, viz., $500 on a certain barn, and the balance on farm produce and other personal property therein. The referee reports the actual loss to have been, on the barn, $450, the value of the same, but that the defendant, by the terms of the policy, is only chargeable with two-thirds of the value thereof, viz., $300, and the two-thirds loss on the personal property to have been $732.25, aggregating the sum of $1,032.25.

As it was not claimed that there was any misrepresentation or false warranty as to any incumbrances, except as to the amount of the incumbrances on the real estate, the only effect of such a misrepresentation or false warranty, if one was made, would be to prevent the plaintiff from recovering the amount of insurance on the barn. The subjects of insurance being separately stated and separately insured, the alleged false warranty applies only to the real estate, and has no application to the personal property which was not affected by the incumbrances undertaken to be stated on the part of the insured ; so that, if we thought the allegation of a false warranty was made out, it would only be necessary to deduct from the recovery so much as the report of the referee shows was recovered for the value of the barn.

But the facts in relation to the statement of the incumbrances on the real estate in the application, appear to be substantially as follows : Fulton, the assured, owned two separate farms, not adjoining, on one of which farms, containing forty acres, the barn insured stood, and the other of which consisted of sixty acres. One Blake, the agent of the Farmers' Joint Stock Insurance

Company, applied to Fulton to insure the property, and having in his possession a blank form of an application, filled it up himself, and being fully informed of all the facts in regard to the incumbrances, which were that the two farms were covered by a mortgage for $4,800, undertook to make an apportionment of the amount between the two farms, and stated in the application that the property insured (meaning the barn) was incumbered to the amount of $2,600, which application was signed by Fulton, upon the statement by Blake that the amount of incumbrance was not considered of great consequence, so far as farm buildings were concerned, but was only important when the insurance was upon village or city property, and where the value of the buildings constituted a more considerable proportion of the value of the whole property.

It is probably doubtful whether, in an application for insurance upon buildings standing upon one parcel ef property which is embraced in a mortgage covering several distinct parcels, an apportionment in good faith of the amount of the incumbrance between the several parcels would be construed as a breach of a warranty as to the amount of incumbrance on the property insured. But however that may be, we think the statement of the incumbrances, and the amount of the valuation made in the application in this case, falls within the case of *Van Schoick* v. *The Niagara Fire Ins. Co.* (68 N. Y., 434), and that the knowledge and information of the defendant's agent is to be imputed as the knowledge of the company itself, and it is to be presumed, in accordance with that case, that the company when it issued its policy had over-looked any condition which required an accurate statement of the incumbrances upon, and value of the insured property, or that it waived such condition and held itself estopped from setting it up.

The defendant's counsel insists that the policy is void by reason that Fulton, the insured, was not the absolute owner of the fee of the real estate at the time of issuing the policy. Although there is no specific statement in the application on the subject, Fulton had an insurable interest in the property, though he.held it only under an executory contract.

The question of fact, as to whether Fulton set the barn on fire

himself, cannot be reviewed here. The evidence at most only raises a weak suspicion to that effect.

The judgment should be affirmed.

MULLEN, P. J., and SMITH, J., concurred.

Judgment affirmed.