LUCIAN W. PATRIDGE, RESPONDENT, *v.* THE COMMER-
CIAL FIRE INSURANCE COMPANY, APPELLANT.

*Policy of insurance — when knowledge of agent imputed to company — construc-
tion of clause making one procuring the insurance the agent of the assured.*

The plaintiff applied for insurance on certain real estate to one Clark, an agent
of the defendant, telling him that he wanted to insure his interest therein, and
showing him a contract for the purchase thereof by him. Clark made out the
application on a form furnished by the defendant through insurance brokers in
New York. He received the policy from the company through them, delivered
it to the plaintiff and received the premium. An action on the policy was
defended, on the ground that the interest of the assured was not expressed in
the policy, as was thereby required when it was other than the entire uncon-
ditional and sole ownership of the property.

*Held,* that Clark was the agent of the company, and that it was bound by his
knowledge and acts, despite a clause in the policy providing that any person,
other than the assured, who procured the insurance was to be deemed the
agent of the assured and not of the company.

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury, and from an order denying a motion for a
new trial, made upon the minutes of the justice before whom the
action was tried.

The action was brought to recover upon a policy of insurance
issued by the defendant to the plaintiff. The defences were that
the plaintiff had not furnished proof of loss ; that his interest,
which was under a contract of purchase, was not expressed in the
policy as required thereby, and that the policy was avoided by
reason of increased risk, caused by the occupation of the property
as a tavern and public stable.

*William A. Coursen,* and *Waldo & Grover,* for the appellant.

*Hale, Smith & Hale,* for the respondent.

LEARNED, P. J.:

There were facts sufficient to submit to the jury the question
as to the waiver of proofs of loss. An adjuster, sent by the com-
pany, was on the premises soon after the fire occurred. Enough
was shown to have taken place then to justify the jury in their
conclusions on this point. Afterwards proofs of loss were offered
by the plaintiff, if the company desired them, and an explanation

was given them that the delay was occasioned by the acts of their agent. Their conduct in this particular was at least unfair, not to say tricky.

The defendants moved for a nonsuit, on the ground that the plaintiff kept a tavern and public stable, in violation of the terms of the policy. This also was upon the evidence a question of fact. We cannot say that, as a question of law, the evidence showed that the plaintiff kept a tavern. He had taken down his sign and had no license. He sometimes entertained travelers, but only such as he chose, and he turned away those whom he did not chose to take. Clark, the agent, had been at the house several times and knew about the entertaining of travelers. No exception was taken to the charge or to the language in which this question was submitted.

The defendant also moved for a nonsuit, on the ground that by the terms of the policy, if the interest of the assured be other than the entire unconditional and sole ownership of the property, it must be so represented to the company, and so expressed in the written part of the policy, otherwise the policy shall be void; and that the proof showed that the plaintiff had only a contract interest in the premises. The policy expressly refers to the plaintiff's application on file in the defendants office. This application was made by Clark, the agent of the defendants. When the plaintiff applied to Clark for insurance, he said that he wanted to insure his interest, and he showed Clark the contract. Clark took the application on a form sent to him from the defendants office for that purpose, through a firm of insurance brokers in New York. He received the policy from the company through these brokers, delivered it to the plaintiff and received the premium. The plaintiff had no actual knowledge of the finely printed clause relied upon. The defendants did not produce the application on the trial. It is plain that Clark acted for the defendants. The policy was within their control until he delivered it to the plaintiff. He was not employed by the plaintiff; but was the party to whom, as an insurance agent, the plaintiff applied. It is true that the policy contains that common provision that any person, other than the assured, who may have procured the insurance

is to be deemed an agent of the assured, and not of the company. This is a provision which deserves the condemnation of courts, whenever it is relied upon to work out a fraud, as it is in this case. The policy might as well say that the president of the company should be deemed the president of the assured; as to say that the man who does what Clark did is to be deemed the agent of the assured. Such a clause is no part of a contract. It is an attempt to reverse the law of agency, and to declare that a party is not bound by his agent's acts. Whether one is an agent of another is a question of mixed law and fact, depending on the authority given expressly or impliedly. And when a contract is, *in fact*, made through the agent of a party, the acts of that agent in that respect are binding on his principal. If it is necessary to give any construction to such a clause, then it might be construed that in fact Clark was, in the respect, the company; and that the assured himself procured the insurance to be taken by the company, just as if he had gone to their other agents, the president or secretary. For if the plaintiff had shown his contract to the secretary of the company, could the company have insisted that the secretary was the plaintiff's agent? And what is the secretary but an agent of the company? It is a familiar rule that corporations act through agents. If by means of this clause the company can disavow the agency of one agent, why not of another? The latest authority admits that the decisions are conflicting, but favors the view here expressed. (*Van Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y., 434.)

The defendant objects that the plaintiff was allowed to prove that he told people, who put up at his house, that he did not keep a hotel. This was conversation characterizing his act, and was proper, to show in what way he received his guests.

The offer by the defendants to show that the plaintiff said, when he bought the property, that he intended to keep a hotel, did not tend to show what he, in fact, did, and was properly excluded.

The judgment and order should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment and order affirmed, with costs.