MARY DOWD AND OTHERS, RESPONDENTS, *v.* THE AMERICAN FIRE INSURANCE COMPANY OF PHILADELPHIA, APPELLANT.

*Policy of insurance against fire — when rendered void by the failure of the insured to have his interest in the property truly stated in the policy.*

This action, brought upon a policy of insurance issued by the defendant upon buildings belonging to the plaintiffs, was defended upon the ground of a breach of a provision of the policy requiring that if the property to be insured was a leasehold, or other interest not amounting to absolute or sole ownership, or if the buildings insured stood on leased ground, it must be so represented to the company and expressed in the policy in writing, otherwise the insurance was to be void.

Upon the trial of the action it appeared that, the plaintiffs' title to the land upon which the building stood was derived from a person to whom the owner of the fee had granted the premises, by an instrument by which he demised and leased and to farm-let the premises unto the grantee, his heirs and assigns, forever, reserving a perpetual rent and a right of re-entry in case of condition broken.

*Held,* that the building was built upon leased ground, and that as that fact was not represented to the company nor expressed in the policy no recovery could be had upon it.

*Van Schoick* v. *Niagara Fire Insurance Company* (68 N. Y., 434) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered in Saratoga county upon the report of a referee.

The action was brought upon a policy of fire insurance for $1,500 for one year, issued by the defendant to the plaintiffs May 17, 1884, " on their two-story frame shingle roof dwelling and saloon, and the additions attached, situated on the north-east corner of South and Second streets in the village of Waterford, New York."

The insurance under this policy was, by the terms thereof, made subject, among others, to the following conditions, limitations and requirements, and in consideration thereof, as well as of the premium of seven dollars and fifty cents paid, viz.: "Property not covered by this policy unless specifically mentioned. If the property to be insured   *   *   *   be a leasehold or other interest, not amounting to absolute or sole ownership, or if the building insured stands on leased ground it must be so represented to the company and expressed in the policy in writing, otherwise. the insurance as to such property shall be void."

March 3, 1885, the building mentioned in the policy was destroyed by fire. At the time of the issuing of the policy, and at the time of said fire, the only title the plaintiffs had to the property mentioned in the policy was derived under a perpetual lease, reserving to the lessor an annual rent, and containing a provision authorizing a re-entry by the lessor in case of the non-payment of the rent.

*Alden Chester* for the appellant.

*J. C. Armsby,* for the respondents.

PECKHAM, J. :

It seems to me plainly proved that the building which was insured under the policy, put in evidence in this case, stood on leased ground, and it was not so represented to the company nor expressed in the policy in writing, and the policy contained a provision that otherwise the insurance as to such property should be void. The instrument, under which the plaintiffs' title accrued, stated that John House, who was the original owner of the land demised, leased and to farm let unto the assignor of the plaintiffs' the land upon which the building in question was erected, and to his heirs and assignees for-

ever, and provided for perpetual payment of an annual rent, with a clause of re-entry for condition broken.

It was proved that at the time when the policy was executed the rent had been in arrears for a number of years. The ground was leased ground within the meaning of the language used in the policy. (*Tyler* v. *Heidorn*, 46 Barb., 439 ; *Van Rensselaer* v. *Barringer*, 39 N. Y., 1, at 18.) The first cited case shows the view taken by the General Term in this department, of the character of those instruments which reserved rent, even when in the language used they were, in terms, conveyances in fee, subject to the payment of rent ; the court saying that the parties to the instrument were landlord and tenant, even when the language was as above stated. The language in the instrument in question is technically that which is used in leases, " demise, lease and to farm let," " yielding and paying therefor " * * * " the annual rent," etc.

I think it must be held that it was proved the building stood on leased ground. In regard to such a condition as is contained in this policy, making it necessary to be stated, etc. FOLGER, J., said : " It is to be observed of this condition, that it is not one of those which are subsequent to the formation of the contract, a breach of which may occur after there had been a valid contract made and entered into, and continued in existence for a part of its prescribed term. It is a condition precedent, lying at the threshold of the making of the contract, and which, if not then performed or not then obviated, prevents the formation of an enforceable contract. It is obvious that this building, being on leased ground, the very moment that the policy passed from the defendant to the plaintiff the insurance on it was void if the condition holds." (See *Van Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y., 434, at 436.)

It appeared, in that case, that the agent of the defendant, who procured the insurance, knew the state of the title before the policy was executed or delivered, and knew the building stood on leased ground. It was held that the defendant was liable on the ground that it must be presumed to have waived that condition, as to presume otherwise would be to impute to defendant a fraudulent intent in issuing a policy known by it to be invalid. This knowledge of the fact by the agent of the company prior to the delivery of the policy was the plaintiffs' reply, in above case, to the defense based on that

condition of the policy and its breach. No such knowledge is shown in this case, and in the absence of such proof no reply is made to the defense of defendant founded upon that condition in the policy and its breach.

For these reasons the judgment must be reversed, new trial granted, with costs to abide event, and referee discharged.

BOOKES, P. J., and LANDON, J., concurred.

Judgment reversed, new trial granted, costs to abide event, and referee discharged.