JOHN W. BENNETT, Respondent, *v.* THE NORTH BRITISH AND MERCANTILE INSURANCE COMPANY OF LONDON AND EDINBURGH, Appellant.

Plaintiff made application to defendant's agent for an insurance upon his stock, etc.; the agent inspected the premises, was informed that kerosene oil was used for lighting, and saw the means provided for that purpose. A policy was issued containing a condition that it should be void if " refined coal or earth oils are kept for sale, stored or used on the premises, without written consent." In an action upon the policy, *held*, that it was not avoided by the use of kerosene, without written consent; that it could not be supposed, without imputing bad faith to defendant, that the use of kerosene for lighting was intended to be prohibited, as it would have rendered the policy void from the beginning; but that the inference was that its use was contemplated; also that defendant might be held to have waived the condition, and to be estopped from setting up a forfeiture for breach thereof.

(Argued April 26, 1880; decided June 1, 1880.)

APPEAL from order of the General Term of the Court of Common Pleas, in and for the city and county of New York, reversing a judgment in favor of plaintiff, entered upon the report of a referee, and granting a new trial. (Reported below, 8 Daly, 471.)

This action was upon a policy of fire insurance, issued by defendant. The defendant, as a defense, set up, among other things, the breach of a condition in the policy. The condition in question and the material facts appear in the opinion.

*C. E. Tracy* for appellant. The referee was not in error in finding that kerosene was one of the class or kind of articles

prohibited by the policy. (*Oppenheim* v. *Leo Wolf*, 3 Sandf. Ch. 515; *Nevin* v. *Ladue*, 3 Denio, 43; *Com'rs of Excise* v. *Taylor*, 21 N. Y. 173; *Buchanan* v. *Exchange F. I. Co.*, 61 id. 26; *Morse* v. *Buffalo F. & M. I. Co.*, 11 Am. Rep. 587; 30 Wis. 534; *Birmingham F. I. Co.* v. *Kroegher*, 83 Penn. St. 64.) The prohibition of the policy as to refined coal or earth oils, included kerosene. (*Buchanan* v. *Exchange F. I. Co.*, *supra*, 61 N. Y. 26; *Mears* v. *Humboldt Ins. Co.*, 21 Alb. L. J. 114; *Matson* v. *Farm Building Ins. Co.*, 73 N. Y. 310; *Shipman* v. *Oswego Ins. Co.*, 21 Alb. L. J. 153.)

*John L. Hill* for respondent. Assuming that the court may judicially notice the origin and nature of kerosene, its use on the premises in question was not a violation of the terms of this policy. (*Kroegher* v. *Birmingham Fire Ins. Co.*, 24 Am. Rep. 147, 150; 83 Penn. St. 64; *Morse* v. *Buffalo Fire and Marine Ins. Co.*, 11 Am. Rep. 587; 30 Wis. 534; *Buchanan* v. *Exchange Fire Ins. Co.*, 61 N. Y. 26.) There was a waiver of any supposed restriction upon the use of kerosene for lighting purposes, and the defendant is estopped from alleging any such claim in its defense on this policy. (*Boetcher* v. *Hawkeye Ins. Co.*, 47 Iowa, 253; *Partridge* v. *Com. Ins. Co.*, 17 Hun, 95; *Planters Ins. Co.* v. *Sorrells*, 25 Am. Rep. 780; 1 Box, 352; Essay, 13 A. L. J. 426; 83 Ill. 302; *Bidwell* v. *Northwestern Ins. Co.*, 24 N. Y. 302; *Miller* v. *Mutual Benefit Life Ins. Co.*, 7 Am. Rep. 122*; *Ludwig* v. *Jersey City Ins. Co.*, 50 N. Y. 379; 8 Am. Rep. 557; *Miner* v. *Phœnix Ins. Co.*, 9 Am. Rep. 479; 2 Wis. 693; *Garfield* v. *Home Mut. Ins. Co.*, 14 Am. Rep. 27; 60 Ill. 124; *Hayward* v. *National Ins. Co.*, 14 Am. Rep. 400; 52 Mo. 181; *Van Schaick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434; *McCabe* v. *Dutchess Mut. Ins. Co.*, 14 Hun, 599; *Bodine* v. *Exchange Fire Ins. Co.*, 51 N. Y. 177; *Maher* v. *Hibernia Ins. Co.*, 67 N. Y. 289; 6 Hun, 353; *St. Paul Fire Ins. Co.* v. *Wells*, 19 A. L. J. 263; 68 N. Y. 140.)

ANDREWS, J. The policy contains a condition that "if camphene, burning fluid or refined coal or earth oils are kept for

sale, stored or used on the premises without written consent it should be void." The insurance was upon the stock of wines, liquors and segars, and the fixtures, and wearing apparel of the insured, contained in a building on One Hundred and Twenty-fifth street in the city of New York. The insured at the time, and after the policy issued, used kerosene for lighting his premises, without the written consent of the defendant. The circumstances under which the insurance was effected, as found by the referee are, that McCarthy, the plaintiff's assignor, made application to the defendant's agent for insurance upon his stock, fixtures and clothing, and thereupon the agent inspected the premises, saw the means there provided for lighting them, and was informed by McCarthy, and knew that kerosene oil was then used for that purpose; and afterward the agent procured the policy to be issued by the defendant and handed it to McCarthy, receiving from him the premium. The question presented is whether, under these circumstances, the use of kerosene for lighting, without the written consent of the company, avoided the policy. The loss, so far as appears, was not occasioned by the use of kerosene, but this is not material, if its use by the insured, without the written consent of the company, was, under the facts of the case, a violation of the condition. The condition makes no mention of kerosene by that designation. Kerosene is obtained from a variety of sources. In the American Encyclopedia (vol. 9, ed. 1874) it is said to be a term " originally employed as a trade-mark, for a mixture of certain liquid hydro-carbons, used for purposes of illumination. It has been prepared from bituminous coal, bituminous shales, asphaltum, malthus, wood, resin, fish oil and candle tar." But it is doubtless true that, at the present time, its practical business source is petroleum, from which it is obtained by processes of distillation and refinement. It is, therefore, in a commercial sense, a refined coal or earth oil, and is embraced within the terms used in the policy. But it cannot be supposed, without imputing bad faith to the defendant's agent, that the use of kerosene for lighting was intended to be prohibited. The inference, from

the facts found, is that its continued use was contemplated. There was, so far as appears, no suggestion to the contrary. Both parties must have understood that the application was for insurance upon the property in its existing condition and relations. It was the plain duty of the defendant's agent, when he delivered the policy, if he understood that it prohibited the use of kerosene, or that a written consent to its use was necessary, to have so informed the insured. If such consent was necessary the policy was a nullity from the beginning. It never had an inception as a valid and binding contract. It is quite possible that the insured was ignorant of the origin of kerosene, and that he might not have known if he read the policy that kerosene was a refined coal or earth oil within the condition. He could only have known it by having knowledge of facts extrinsic to the policy. The acts of the parties were a practical construction of the language of the condition, to the effect that kerosene, as used by the insured, was not within it. It is not a case where the language used unmistakably points to the use of kerosene, or where the insured is seeking to escape from the effect of the condition upon the ground of a parol understanding contrary to its plain import.

We are of opinion that the defendant may also be held to have waived the condition requiring consent in writing, and to be estopped from setting up a forfeiture, for breach thereof, within the case of *Van Schoick* v. *The Niagara Fire Ins. Co.* (68 N. Y. 434), and the cases therein cited.

No question arises as to the power of the agent. The defendant was a foreign corporation, and the agent, so far as appears, possessed all the powers of a general agent of the defendant.

The order of the court below should be affirmed, and judgment absolute rendered for the plaintiff upon the stipulation.

All concur.

Order affirmed and judgment accordingly.