ARTHUR S. COUCH, RESPONDENT, *v.* THE ROCHESTER GERMAN FIRE INSURANCE COMPANY, APPELLANT.

*Policy of insurance — condition against the use of kerosene — when it is waived by knowledge of its use by the company — when the company is chargeable with its agent's knowledge.*

A condition in a policy of insurance issued upon a factory, avoiding it in case petroleum should be used or kept therein, will be deemed to have been waived if it be shown that, at the time of issuing the policy and accepting the premium thereon, the company knew that the factory was to be run at night and was to be lighted by kerosene oil; and knowledge of such facts by its agent is the knowledge of the company.

It is unimportant how or when knowledge of such facts was obtained by the agent, if in fact he possessed it at the time of issuing the policy and accepting the premium.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought upon an insurance policy issued upon the plaintiff's building, which was used for drying hair. The policy contained among the usual printed conditions the following clause : * * * "if gunpowder, fireworks, phosphorus,

naptha, benzine, gasoline or petroleum fluid, or crude earth or coal oils, or any other articles of an extra hazardous or specially hazardous nature are used or kept on the premises, except that kerosene oil may be used for lights in dwellings; or if camphene, burning fluid or refined earth or coal oils are kept for sale, stored or used on the premises in quantities exceeding one barrel at a time, at any one time, without written consent," then the policy should be void.

No permission to use any kind of oil was written in the policy. On the night of the fire there were used for lights on plaintiff's premises two ordinary lanterns filled with "head-light oil."

The court at the trial held that "head-light oil" was kerosene oil within the meaning of the policy.

The plaintiff introduced testimony tending to prove a knowledge upon the part of the defendant's agents that plaintiff intended to work nights and burn oil for lights, and a consequent waiver of the condition of the policy by defendant. To such evidence the defendant's counsel objected. The objection was overruled, the evidence was admitted and the court held it to be a question for the jury "as to whether there was a knowledge on the part of this defendant when it issued this insurance policy, or whether the agents were informed by plaintiff that the factory was to be run in the night and that they were to use kerosene oil as a means of lighting it."

*Erastus P. Hart*, for the appellant.

*Jacob Schwartz*, for the respondent.

BOCKES, J.:

The learned judge on the trial held that the use of "head-light oil," for lighting the building described in the policy of insurance, being a refined petroleum product, constituted a breach of the condition of the policy prohibiting the use of petroleum and kerosene for such purpose, and rendered it inoperative and void unless the defendant's company had knowledge, when it issued the policy, that the "factory" was to run during the night-time, and was to be lighted by the use of kerosene oil. We are inclined to concur in the ruling, that the use of "head-light oil" for lighting the building was a breach of the condition of the policy prohibiting the use

of kerosene oil and other fluids manufactured from earth or coal oils. Such is the plain meaning of the condition on which the defense is based; and the sole question therefore is, whether such condition was or was not waived by the knowledge of the defend- ant, at the time of issuing the policy, that the factory was to be lighted by the use of "head-light oil." The appellant insists (1) that such knowledge of itself would not operate as a waiver of the condition; and (2) that if it would so operate, the fact of knowledge was not established by the proof.

First, then, let us inquire as to the effect of knowledge by the company on the issuing of the policy, that the "factory" was to be run during the night-time, and was to be lighted by the use of "head-light oil." This inquiry is answered favorably to the respond- ent by the decision in *Bennett* v. *The North British*, etc., *Ins. Co.* (81 N. Y., 273). In that case the policy contains a condition that it should be void if "refined coal or earth oils are kept for sale, stored or used on the premises without written consent," and it was held that inasmuch as the agent of the company inspected the premises and was informed that kerosene oil was used for lighting. and saw the means provided for that purpose, the policy was not avoided by the use of kerosene without written consent. Judge ANDREWS says: "It cannot be supposed, without imputing bad faith to the defendant's agent, that the use of kerosene for lighting was intended to be prohibited. The inference, from the facts found, is that its continued use was contemplated. * * * The acts of the parties were a practical construction of the language of the con- dition, to the effect that kerosene, as used by the insured, was not within it." It was also there further suggested that the defend- ant might not only be deemed to have waived the condition, but also, within the decision in *Van Schoick* v. *The Niagara F. Ins. Co.* (68 N. Y., 434), to be estopped from setting up the forfeiture. These expressions of Judge ANDREWS had, as it seems, the concur- rence of all the members of the court. Besides, they are fully in accord with other decisions both in the Supreme Court and in the Court of Appeals. (*Broadhead* v. *Lycoming Ins. Co.*, 14 Hun, 452; *Chase* v. *The People's Ins. Co.*, 14 id., 456; *Dacey* v. *The Agricultural Ins. Co.*, 21 id., 83, 89; *Miaghan* v. *Hartford F. Ins. Co.*, 24 id., 58; *Richmond* v. *Niagara F. Ins. Co.*,

79 N. Y., 230, 237; *Whited* v. *Germania Ins. Co.*, 76 id., 415.) In the light of these authorities, knowledge by the company at the time of the issuing of the policy, and its acceptance of the premium, that the factory was to be run during the night-time, and was to be lighted by the use of "head-light oil," would preclude the defense here urged.

Then, secondly, was knowledge of such facts by the defendant established by the proof? On this question the jury found for the plaintiff. Is the evidence sufficient to support the verdict? The decisions are numerous to the effect that the knowledge of the agent in a case like this is the knowledge of the company. Then had the defendant's agent knowledge, when he negotiated the insurance, of the means employed and to be employed in lighting the factory? How or when the knowledge was acquired, if possessed at the time of issuing the policy, was immaterial. (*Broadhead* v. *Lycoming F. Ins. Co.*, 23 Hun, 397.) On looking into the case it will be seen that there was some evidence, and, if fully credited, sufficient evidence submitted to support the verdict. Certainly there was evidence tending to show that the agent possessed such knowledge. The contrary cannot with fairness be pretended or maintained. It must suffice to say that there was proof on this branch of the case sufficient to make it one of fact for the jury.

It is urged that the evidence showing or tending to show that the agent possessed the knowledge with which it was sought to charge him was inadmissible. The principal objection urged is that the knowledge or information obtained by the agent or imparted to him, was acquired at a time or at times other than when this insurance was under consideration; that the observations made by the agent as to the means of lighting the factory, and the conversations had with him relating to that subject, were wholly disconnected with the obtaining of this insurance. But, as above stated, how or when the information was obtained was unimportant, if in fact possessed at the time the policy was issued and the premium was accepted. (*Broadhead* v. *Lycoming F. Ins. Co.*, *supra.*) We find no sufficient ground to support the objection that the evidence was improperly received. There was, it is true, a sharp conflict on some if not all of the material questions of fact, but it was for the jury to settle these controverted questions of evidence.

The order and judgment appealed from must be affirmed, with costs.

BOARDMAN, J., concurred; LEARNED, P. J., concurred in the result.

Judgment and order affirmed, with costs.