BEVERLY HAIGHT et al., Respondents, *v.* THE CONTINENTAL INSURANCE COMPANY, Appellant.

A policy of insurance, issued by defendant upon a dwelling-house, contained a condition, avoiding it, "if the building *become* unoccupied without the consent of the company indorsed" thereon; this was in connection with other conditions relating to the future. It was provided in the policy that nothing but a specific agreement, indorsed thereon, should be construed as a waiver of any of its conditions, and that an agent "has no authority to waive, modify or strike from this policy any of its printed conditions." The insurance was effected, and the policy delivered by an agent of the defendant. The building was then unoccupied, which fact was known to the agent. He had authority to insure unoccupied buildings, and the premium charged was at the rate for such buildings, which was more than double that for those occupied. No indorsement, however, of defendant's consent was made upon the policy. In an action upon the policy *held*, that the condition as to indorsement might have been fairly interpreted by the insured as relating only to the future; but, assuming it to be otherwise, it·was to be assumed that the agent accounted for and paid over to defendant the premium received, and as it had not only not repudiated the contract, but recognized its original validity, it must be deemed to have waived the condition essential to such validity; that it would not be permitted to receive and keep the fruits of the contract and yet repudiate its existence.

The premises had been sold on foreclosure, but no deed had been executed or report of sale made. *Held*, that as the sale yet remained inchoate and conditional, there was no breach of a condition of the policy avoiding it in case of a transfer of interest without consent indorsed.

(Argued March 9, 1883; decided March 27, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 11, 1882, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought upon a policy of insurance upon a dwelling-house, issued by the defendant, by its terms insuring Walter L. Thompson, assignee, for the benefit of creditors of Angelina Cooper, "loss, if any, payable to" plaintiffs, "mortgagees as their interest may appear."

The material facts are stated in the opinion.

*Frank B. Lown* for appellant.  The fact that the policy contained a provision that the same should be void if the building " become unoccupied " was notice to plaintiffs, upon their receiving the policy, that the company considered non-occupancy "material to the risk," and they were, therefore, bound, by its terms, to make the fact known to the company. (*Browning* v. *Home Ins. Co.*, 71 N. Y. 508 ; *Findar* v *Resolute Ins. Co.*, 47 id. 114 ; *Short* v. *Home Ins. Co.*, 20 Alb. L. J. 54.)  Where a policy, on its face, informs the applicant that the agent could waive nothing, no supposition, on his part, can or should avail him. ( *Walsh* v. *Hartford Ins. Co.*, 73 N. Y. 5.)  The compromise agreement entered into between the plaintiffs and the defendant should not be disturbed. ( *Wehrum* v. *Kuhn*, 61 N. Y. 623 ; *Coon* v. *Knapp*, 8 id. 402 ; *Brooks* v. *Moore*, 67 Barb. 395 ; *Ludington* v. *Miller*, 6 J. & S. 478 ; *Farmers' Bank of Amsterdam* v. *Blaic*, 44 Barb. 652.)

*H. H. Hustis* for respondents.  The knowledge of the defendant's agents that the building was vacant when the policy of insurance was issued was knowledge of the defendant, and that condition of the policy, in reference to vacant buildings, was waived. ( *Van Schaick* v. *Niagara Ins. Co.*, 68 N. Y. 434 ; *Browning* v. *Home Ins. Co.*, 70 id. 508 ; *Bennett* v. *North British Ins. Co.*, 81 id. 273 ; *Woodruff* v. *Imperial Ins. Co.*, 83 id. 133.)  Where the owner of the property refuses to make proof of loss, the mortgagees have a right to make such proof. (*Graham* v. *Phœnix Ins. Co.*, 17 Hun, 156 ; *Graham* v. *Fireman's Ins. Co.*, 8 Daly, 421.)  There was no change of title.  (*Browning* v. *The Home Ins. Co.*, 70 N. Y. 508.)

FINCH, J.  Certain provisions of the policy of insurance issued by the defendant company are relied upon as constituting a defense to the plaintiffs' recovery.  These are that the contract shall be void " if the building *become* unoccupied without the assent of the company indorsed " on the policy ; that

"the use of general terms, or any thing less than a distinct, specific agreement, clearly expressed and indorsed on the policy, shall not be construed as a waiver of any printed or written condition contained in it; and that the agent of the company" "has no authority to waive, modify or strike from this policy any of its printed conditions; nor is his knowledge of, or assent to insurance in other companies, or to an increase of risk, even if within the limit of his authority herein expressed, binding upon the company, until the same is indorsed in writing on the policy, and the increased premium (if any) paid therefor." As matter of fact the building insured was unoccupied when the policy was issued, as well as when it was burned. We must assume from the verdict that such fact was known to the agent who delivered the policy at the inception of the contract, and who issued it without indorsing upon it the assent of the company. The insurance was obtained by mortgagees, and, although in the name of the assignee of the mortgagor, was for the benefit of the mortgagees, and the loss payable to them. The insurance was temporary, and for a brief period, running only for two months, and the premium charged was at the rate of twenty-five cents per hundred, which the evidence shows was appropriate to a case of unoccupied property, but at least double the rate charged for the same time on an occupied building. The defense rests upon the omission of any indorsement on the policy. The case of *Woodruff* v. *Imperial Fire Ins. Co.* (83 N. Y. 133) is fatal to the defense unless the effort of the appellant to point out a material difference proves successful. It was there held that when a policy is issued upon an unoccupied house, the agent having knowledge of the fact, the defendant cannot be permitted to say it never assumed the risk; and in such case the stipulation requiring an indorsement of the company's consent must be deemed waived by the agent, and through him by the company. But in that case it did not appear that the policy contained the provision present in this, which expressly denied to the agent any power to waive, modify or strike from the policy any of its printed conditions; and it is argued that this limita-

tion of the agent's authority, plainly expressed in the policy, was thus brought to the knowledge of the insured, and the company was not bound and could not be affected by the knowledge and waiver of the agent. But the latter had authority to insure an unoccupied building, and could bind his company by so doing. There was no restraint upon his power to make the precise contract which he did make. Only the manner of his doing it was regulated, and as to that it is not clear that he violated the instructions of his principal, and it is certain that the insured was not fairly chargeable with knowledge that he was so doing. The condition of indorsement as it exists in the language of the policy might have been fairly interpreted by the insured as relating only to the future, and as not affecting the inception of the contract. The language is "if the building *become* unoccupied without the consent of the company indorsed hereon," and the condition is associated with others equally relating to the future. If the building "shall, at any time, be occupied or used so as to increase the risk," if "the risk be increased by the erection or occupation of neighboring buildings;" if the property "be sold or transferred;" if it "be assigned under any insolvent or bankrupt law;" "or if the policy shall be assigned before a loss;" these, and others like them, are the surrounding and accompanying conditions printed in the policy. All of them apparently relate to changes following after an existing and valid contract. The mode of assent to such changes by an indorsement upon the policy indicates the same construction. It assumes a policy already existing, and valid in its inception, upon which a change of its terms is to be noted. So that it will hardly do to say that the insured, upon reading the instrument, was bound to know that an indorsement was essential to its original existence. He might fairly, and naturally, read it as referring only to possible events occurring in the future. But were it otherwise, if not the agent, at least the company, could and did waive the condition. Their agent had authority to insure an unoccupied dwelling; he did so in fact; he charged and received the appropriate premium; we must assume that

he accounted for it to the company, which has neither returned nor offered to return the money; the insurer did not repudiate the contract, but has admitted its original validity, recognizing it as a policy of insurance by the letter of its general agent pointing out by whom proofs of loss should have been made, and by its answer when sued. The waiver of conditions at the inception of a policy grows out of the consideration that the company must have intended to make a valid contract, or else to perpetrate a fraud. Their agent had authority to insure the building, although unoccupied, and having done so the company must be held to have waived a condition essential to its validity, and cannot be permitted to receive and keep its fruits, and yet repudiate its existence.

We cannot interfere with the verdict of the jury upon the question whether the compromise between the parties was procured by fraud, and was for that reason invalid. The evidence on the subject shows that Haight was an old man, putting confidence in Thompson, in whose name the policy ran, and influenced by his advice while unconscious that a promise to retain him had been made by the company. The proof is not convincing, but there was enough of it to take the question to the jury, and we cannot review their conclusion.

Nor was the policy avoided by the sale on foreclosure. There was no change of title. No deed was given, and not even a report of sale made and presented to the court for confirmation. Until then the sale and transfer of possession were *inchoate* and conditional, and had not become absolute and complete. (*Browning* v. *Home Ins. Co.*, 71 N. Y. 508; 27 Am. Rep. 86.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.