Hardin, P. J.
(dissenting).—It may be assumed that Alvin’s life was insured for the benefit of his son, George A. Cyrenius, and that the policy was delivered to the latter as beneficiary. 101 N. Y., 115; 5 N. Y. State Rep., 583; Bickerton v. Jacques, 28 Hun, 120.
After he received the policy he delivered it to his father as a gift, and the latter retained it until his death, and it was found among his assets and brought forward by his administrator, as part of his assets with the knowledge and consent of George A., and therefore the plaintiff, as administrator, is the real party in interest, and the one rightfully entitled to enforce the policy in suit. The ownership of the policy was put in question by the pleadings, and the proof of plaintiff’s ownership was not improperly received.
Before the premium of the 18th of June, 1876, became due, Place, the agent, was applied to and notified that it would be inconvenient to pay the whole premium at that. date, and he consented to take fifty dollars towards the premium that would fall due at that time and extend the time of payment. In previous years he had given some credit, and the company had ratified such extension. That-was known to the agent and to the party who was to pay the premium. “We must assume that he (the agent), accounted for it to the company which has neither returned or offered to return the money.” Finch, J., in Haight v. The Continental Insurance Co. (92 N. Y., 51).
The policy had not been forfeited when the .extension was given, and it may be fairly said the agent of *207 the defendant contributed to, if he did not cause the omission to pay all on the day named in the receipt in his hands which he held with the assent of the defendant as its collection agent.
The contract was continuous and for the life of the assured, and the defendant seeks to make out a forfeiture under the terms of its policy. It gave no notice such as required by chapter 341 of the Laws of 1876, which statute was in force June 18, 1876. Wyman v. Phœnix Ins. Co., 10 N. Y. State Rep., 36.
In making out such a forfeiture it has the burden of bringing itself within the exact and literal terms of its language. Here it has taken the money and put it in its coffers for part of the premium, through the instrumentality-of its agent, thus having knowledge of the manner in which he acquired it, and as it did the previous year, it should now be held to be estopped by and bound by his act, and we think the language of Allen, J., in Homer v. G. M. Life Ins. Co. (67 N. Y., 481), should be applied. He said: The forfeiture, the penalty for a non-payment of the annual dues at the day, was for the benefit of the insurers, and could be dispensed with by them; and if waived or agreed to be waived at a time when the other party might have literally performed the contract and prevented a forfeiture by an agreement or a promise to accept performance at a later day, the non-performance of the condition at the day cannot be alleged to defeat the contract and the insurers will not be permitted to insist upon a forfeiture of the policy by reason of such non-performance. This is within the familiar principle that he who prevents a thing being done shall not avail himself of the non-performance he has occasioned.” If the company had shown that it did not receive a portion of the premium, as before stated, as we must assume it did, it might have raised the question more successfully and rightfully as to the power of the agent, and as to the necessity for a written extension. It gave no proof that is at war with the assumption we have made.
It should be held estopped from gainsaying that it took the money and gave a credit; otherwise it took the money in bad faith. ¡
We prefer the former assumption and will not permit ourselves to infer that it intended a fraudulent practice. Van Schoick v. Niagara Ins. Co., 68 N. Y., 434; Bennett v. N. B. Ins. Co., 81 N. Y., 276; opinion by Andrews, J.
We think the party paying premiums had a right to believe, and did believe, Place had authority to give credit, as he did, and, therefore, Walsh v. Hartford Ins. Co., 73 N. *208 Y., 5, does not aid the appellant. My opinion is that the verdict is just and legal.
Judgment and order affirmed, with costs.