NEWMARKET SAVINGS BANK *vs.* ROYAL INSURANCE COMPANY OF LIVERPOOL.

Essex.   November 6, 1889. — January 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Fire Insurance — Non-occupation of Buildings.*

A policy of insurance against loss by fire upon a dwelling-house and barn contained in the body thereof the words " occupied for dwelling purposes only," stamped in print, followed by the words in writing "permission to remain

vacant thirty days without prejudice," and provided, among other written conditions, that the policy should be void "if the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days, without the assent in writing or in print of the company." The buildings were vacant with the knowledge of the insurance company at the time the policy was issued, and so remained until they were destroyed by fire nearly seven months afterwards. *Held*, that the buildings were insured as unoccupied buildings for thirty days only, and that the policy had become void.

CONTRACT upon a policy of insurance for $2,000, dated October 1, 1887, upon a dwelling-house and barn, in the form prescribed by the Pub. Sts. c. 119, § 139, (St. 1887, c. 214, § 60,) against loss by fire for five years. At the trial in the Superior Court, before *Mason*, J., the following facts were admitted.

For a long time before the date of the policy, and from that time until April 27, 1888, inclusive, when the buildings were wholly destroyed by accidental fire, these buildings had been vacant and unoccupied, and the agent of the defendant, by whom the policy was issued to the plaintiff, knew that they were vacant and unoccupied at the time he issued the policy.

After the description of the buildings in the policy and in the body thereof were stamped in print the words " occupied for dwelling purposes only," followed by the words in writing " permission to remain vacant thirty days without prejudice." The policy also contained the following: " This policy shall be void . . . if the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days, without the assent in writing or in print of the company"; and the only defence was, that at the time of the fire the policy was void under this last clause.

The judge ruled that, upon the above facts, the avoiding clause of the policy did not apply ; and ordered a verdict for the plaintiff for $2150, a sum agreed by the parties, and reported the case for the determination of this court.

If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial was to be ordered.

*C. A. De Courcy*, for the defendant.

*E. T. Burley*, for the plaintiff.

KNOWLTON, J. The only question reserved for our consideration in this case is whether the policy became void because the

insured premises were left vacant from the time the policy was issued until the buildings were destroyed by fire, nearly seven months afterwards.

In the body of the policy, after the description of the buildings, the words " occupied for dwelling purposes only " were stamped in print. Among the printed conditions of the policy was this clause : " This policy shall be void . . . if the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days, without the assent in writing or in print of the company." These provisions, taken by themselves, would imply that the buildings were represented as occupied for dwelling purposes at the time of the insurance. If they had been so represented and so insured, but had in fact been vacant and had been allowed to remain so for more than thirty days, the policy would have become void under the provision which we have quoted.

It is, however, conceded that the house was known by the defendant's agent to be vacant when he issued the policy, and, if nothing more appeared, it might be held that his knowledge controlled the representation and implication contained in the policy so far as to make the clause as to the premises becoming vacant inapplicable. *Bennett* v. *Agricultural Ins. Co.* 106 N. Y. 243. *Aurora Ins. Co.* v. *Kranich,* 36 Mich. 289. *Williams* v. *Niagara Ins. Co.* 50 Iowa, 561. *Bennett* v. *North British & Mercantile Ins. Co.* 81 N. Y. 273. *Haight* v. *Continental Ins. Co.* 92 N. Y. 51. But the parties went further, and made a special provision as to the condition then existing. They wrote into the body of the policy the words "permission to remain vacant thirty days without prejudice." That was equivalent to saying: "This is our contract in reference to the present vacant condition of the buildings. Except as modified by this contract, the policy is to be deemed what in its other parts it purports to be, namely, a policy of insurance upon buildings now occupied for dwelling purposes. By our language we have chosen to make a contract relating to property so occupied, except for the short period of thirty days, during which it may remain insured under this special agreement as unoccupied property."

The effect of this arrangement, taken as a whole, was to leave the rights of the parties after the expiration of the thirty days

precisely the same as if the buildings had been occupied when the insurance was effected. By the original provisions of the policy they were insured as occupied buildings. The usual provision was inserted as to their becoming vacant and remaining vacant more than thirty days. Then an exception was written in which took them out of the general provisions of the contract, and insured them as unoccupied buildings for thirty days and no longer. We are of opinion that the ruling of the court was erroneous, and that upon the facts stated in the report the verdict should have been for the defendant.

*New trial ordered.*